OPINION OF THE COURT
Robert L. Nahman, J.
The landlord has commenced a holdover proceeding seeking possession of the tenant’s rent-stabilized apartment for his own use and occupancy as his primary residence. Tenant has brought the instant motion to dismiss the petition based upon the fact that he is a senior citizen and therefore the landlord cannot recover the apartment unless he offers an equivalent apartment at the same or lower rate.
Section YY51-6.0 (subd c, par [9], cl [b]) of the Administrative Code of the City of New York, insofar as it is applicable provides that a landlord may: “recover possession of one or more dwelling units for his own personal use and occupancy as his primary residence in the city of New York and/or for the use and occupancy of a member of his immediate family as his primary residence in the city of New York, provided however, that this subparagraph shall not apply where a tenant or the spouse of a tenant lawfully occupying the * * * unit is sixty-two years of age or older * * * unless such owner offers to provide and if requested, provides an equivalent or superior housing accommodation at the same or lower stabilized rent in a closely proximate area.”
*337 RPAPL 741 (subd 4) provides that
“[e]very petition shall * * *
“[s]tote the facts upon which the special proceeding is based.” A failure to set forth such facts renders the petition insufficient. (3 Rasch, NY Landlord & Tenant, Summary Proceedings, p 70.)
A tenant is entitled to a concise statement of the ultimate facts upon which the proceeding is predicated so that the issues, if any there be, are properly raised and can be met. (Giannini v Stuart, 6 AD2d 418.)
In this case, the petition merely alleges that the “Landlord seeks possession for his own use and occupancy as his primary residence.” Nowhere in the petition is it alleged that the landlord has offered to provide an equivalent or superior housing accommodation to the tenant, a fact which must ultimately be proved in order for the landlord to recover possession of the apartment for his own personal use.
It is the contention of the landlord that the court should render a final judgment of possession in his favor upon condition that the landlord, if the tenant requests, provide the tenant with comparable housing. However, if the offer is not pleaded in the petition ab initia, the landlord has failed to state a cause of action since the aforementioned Administrative Code section does not apply where a tenant or spouse of a tenant lawfully occupying the apartment is 62 years old or over unless equivalent or superior housing is offered at the same or lower rent in a closely proximate area. It is the holding of this court that if such offer is not alleged in the petition, then the petition is defective.
It is clear that the intent in the enactment of the statue was to prevent senior citizens from being ousted from their apartments without having been offered comparable housing. As a result of the housing shortage and consequently large increases in rents, this becomes extremely important. If such fact is not pleaded in the petition and the senior citizen is unaware that the law requires the landlord to provide alternative housing at the same or lower rent, then an uninformed senior citizen would be relegated to looking for another apartment which he or she may not be able to find in that particular area and most likely be forced to pay a substantially higher rent. Such increase in rent would not be within the financial means of many senior citizens who live on fixed incomes. Further, in many instances it would be psychologically traumatizing to uproot a senior citizen and *338 compel him or her to relocate to another apartment in another area.
Accordingly, the petition is dismissed for failure to comply with RPAPL 741 (subd 4).