OPINION OF THE COURT
Jaime A. Rios, J.
This holdover proceeding asks the question of whether a person of low intellect is considered disabled for purposes of the Rent Stabilization Code. The Code permits an owner to *170 recover possession of a rent-stabilized apartment if it is sought for the owner’s occupancy (9 NYCRR 2524.4 [a] [1]); however, if the tenant to be removed is a "disabled person”, the owner must provide or offer to provide equivalent housing (9 NYCRR 2524.4 [a] [2]).
In the case at bar, petitioner is the owner of a six-family residential dwelling. He wishes to recover the tenant’s rent-stabilized apartment for his own use. There is no showing of fraud or bad faith in the petitioner’s motivation. Apparently, he is a single man, living in modest accommodations, who now wishes to have a larger apartment to house his mother, who is to reside with him when she emigrates from Romania.
The tenant is a person of substandard intellect, who scores well below the norm on standard intelligence tests. She is employed "part time” in the cafeteria at the neighborhood public school. Although the respondent has a driver’s license, she has difficulty with travel directions, and rarely travels away from home without a guide.
The Rent Stabilization Code defines a disabled person as one with "an impairment which results from anatomical, physiological or psychological conditions * * * which are expected to be permanent and which prevent such person from engaging in any substantial gainful employment.” (9 NYCRR 2520.6 [q].)
The intellect is primarily a function of one’s ability to internalize data through the use of one’s senses and to use that data in such a manner as necessary to successfully interact and survive within the framework of society. There are those in our society who are capable of receiving the data, but are incapable, to varying degrees, of utilizing it to negotiate the societal system, while others lack the facility to even receive such data and consequently, are unable to participate in society to any degree. Respondent’s intellectual capacity falls in the former range rather than the latter. Due to the limited intellectual capacity of respondent, as demonstrated by her below average results on I.Q. tests, she is relegated to an existence which will afford her no more than a modest lifestyle. It is unlikely that she will attain great or even average academic heights, nor will she be successful in obtaining substantially gainful employment. It is not inconceivable that respondent could continue to hold the same position at the school cafeteria for the rest of her life due to her limited capacity. Undoubtedly, respondent’s failure to score within a *171 normal or above normal range on the standardized exams is indicative of the kind of difficulty she will encounter in seeking future employment, should she be displaced from this neighborhood. The testimony elicited at trial revealed that "traveling” is an activity which respondent is capable of, however, such activity is impeded by her limited ability to follow directions. If respondent were forced to leave the community, with which she is familiar, her commute back to her jobsite may prove prohibitive. It is these concerns which the Rent Stabilization Code seeks to address through the applicable provision.
The Social Security Act (42 USC § 423 [d] [1] [A]) defines the term disability as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months”.
It is evident that a condition of below average intellect as manifested by the respondent is for purposes of the Social Security Act a mental impairment of substantial duration. The definition of "disabled” within the meaning of the Code mirrors the concept focused in the Social Security Act. Accordingly, respondent is a disabled person within the meaning of the Rent Stabilization Code.
Landlord is entitled to a judgment of possession, however, the issuance of the warrant of eviction is stayed until such time as section 2524.4 (a) (2) is complied with.
Petitioner must provide or offer to provide comparative substitute housing to respondent before any warrant issues.