OPINION OF THE COURT
Ralph W. Sparks, J.
This summary holdover proceeding was commenced by the *829 Board of Managers of a condominium corporation to recover possession of a parking garage from respondent, one of its residential unit owners and a member of the condominium corporation. There are more residential units in the complex than parking garages.
The lease between the parties expired a number of years ago and respondent continued to occupy the space as a month-to-month tenant. This proceeding was commenced by a service of a petition and notice of petition after expiration of a 30-day notice to terminate. The petition alleged no grounds for removal except that the petitioner elected to terminate the tenancy.
The respondent interposed the defense of retaliatory eviction and a counterclaim for wrongful eviction, along with several other technical objections. As to the technical objections, the court found them to be without merit.
In response to the defense of retaliatory eviction, the petitioner attempted to show that it was the policy of petitioner to terminate the garage leases of unit owners who were late in paying their charges. In this regard the petitioner failed to establish that petitioner had such a policy or that respondent was late in payment. The respondent failed to prove retaliation but did establish that on four occasions he was wrongfully locked out of the parking garage. The petitioner takes the position that the Board of Managers of a condominium need not give any reason for terminating a month-to-month tenancy of a parking garage of one of its residential unit owners and supplies the court with two unreported cases from the civil court.
The controlling case which governs the standard of judicial review a court may apply to the decisions or action of a governing board of a condominium corporation is laid down in the case of Matter of Levandusky v One Fifth Ave. Apt. Corp. (75 NY2d 530) where the Court rejected the reasonableness standard rule in favor of the business judgment rule. However, as in this case, to say you need not give any reason for the Board action is to say that the Board action may be arbitrary and capricious. Therefore, it is not a matter of what standards the court applies, the result would be the same.
In adopting the business judgment rule, the Court in Levandusky v One Fifth Ave. Apt. Corp. (75 NY2d 530, 540, supra) said, in part: "The business judgment rule protects the board’s business decisions and managerial authority from indiscrimi *830 nate attack. At the same time, it permits review of improper decisions, as when the challenger demonstrates that the board’s action has no legitimate relationship to the welfare of the cooperative, deliberately singles out individuals for harmful treatment, is taken without notice or consideration of the relevant facts, or is beyond the scope of the board’s authority.”
The failure of the petitioner to state and prove its reasons for termination prevents any review of its determination.
The Levandusky Court (75 NY2d, at 537, supra) recognized this necessity of review where it stated in part: "It is apparent, then, that a standard for judicial review of the actions of a cooperative or condominium governing board must be sensitive to a variety of concerns — sometimes competing concerns. Even when the governing board acts within the scope of its authority, some check on its potential powers to regulate residents’ conduct, life-style and property rights is necessary to protect individual residents from abusive exercise, notwithstanding that the residents have, to an extent, consented to be regulated and even selected their representatives (see, Note, The Rule of Law in Residential Associations, 99 Harv L Rev 472 [1985]). At the same time, the chosen standard of review should not undermine the purposes for which the residential community and its governing structure were formed: protection of the interest of the entire community of residents in an environment managed by the board for the common benefit.”
The petitioner did attempt to show at trial the reason for the Board’s decision to terminate the tenancy. However, the petitioner failed in its attempt. It was petitioner’s claim that it was the policy of the Board to terminate the parking privileges of the residential unit owners where they were in default of obligations due the condominium. Certainly a decision made pursuant to such a policy would fall within the business judgment rule.
However, no reason was pleaded for the Board’s decision to terminate. RPAPL 741 (4) provides, "Every petition shall * * * [s]tote the facts upon which the special proceeding is based.” A tenant is entitled to a concise statement of the ultimate facts upon which the proceeding is based so that the issues may be raised and met with proof. (Giannini v Stuart, 6 AD2d 418; Schreier v Albrecht, 126 Misc 2d 336.)
*831 The petition is dismissed without prejudice to petitioner to serve a new notice of termination stating the Board’s reason for the termination. On the counterclaim, I find for the respondent in the amount of $400 for being wrongfully locked out on four different occasions.