■ In the Matter of PETER MAKOWSKI, Petitioner, v NEW YORK STATE AND LOCAL EMPLOYEES' RETIREMENT SYSTEM, Respondent. [614 NYS2d 483] —Crew III, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Comptroller which denied petitioner's application for accidental disability retirement benefits.

Petitioner was employed as a fireman with the City of Rochester Fire Department when, on January 14, 1989, he slipped on oil on the tile floor of the fire station and injured his lower back. Petitioner thereafter filed an application for accidental disability retirement benefits pursuant to Retirement and Social Security Law § 363. The Comptroller concluded that it was unnecessary to determine whether petitioner's fall was an accident within the meaning of Retirement and Social Security Law § 363 (a) (2) because petitioner's disability was not the natural and proximate cause of the fall. Rather, the Comptroller found that petitioner's disability was the result of Tourette's syndrome, which petitioner has suffered from since childhood, and resulted in his being unfit for services with the Rochester Fire Department since the inception of his employment in 1966. Petitioner commenced this proceeding challenging that decision, and the proceeding has been transferred to this Court for disposition.

In order to be entitled to accidental disability retirement benefits, petitioner was required to prove that he suffered physical incapacitation for performance of duty as the natural and proximate result of an accident (see, Retirement and Social Security Law § 363 [a] [2]). The Comptroller is vested with exclusive authority to determine applications for retirement benefits and his evaluation of conflicting medical testimony must be accepted if it constitutes substantial evidence to support such determination (see, Matter of Leo v Regan, 115 AD2d 104, 105).

Here, two physicians testified, one on behalf of petitioner and one on behalf of respondent. Petitioner's physician, Eric Caine, testified that petitioner suffered from Tourette's syn-

drome, which is a neurochemical imbalance in the brain and involves multiple motor ticks, such as twitching of the face, throwing and thrusting of the arms and twisting of the torso. Caine testified that the onset of these symptoms was in petitioner's early childhood. He further testified that the typical course of the disorder, as was the case with petitioner, is that it is worse in adolescents, and calms down as puberty ends and adulthood begins, which results in the ability to behave in a sociably appropriate manner and functional fashion throughout the years of adulthood. He testified that petitioner had a quiescent or low level of symptoms throughout the years of employment with the fire department. He further testified that the injury sustained by petitioner on January 14, 1989 exacerbated petitioner's condition, causing him to become grossly symptomatic and rendering him totally disabled.

Respondent's physician, Michael Dunn, testified that petitioner was not permanently disabled by reason of his injury to his back sustained on January 14, 1989. However, he agreed with petitioner's physician that petitioner was permanently disabled as the result of symptoms associated with Tourette's syndrome and that petitioner's fall on January 14, 1989 caused an exacerbation of the syndrome and a flare up of petitioner's symptoms.

Based upon this testimony, the Comptroller concluded that petitioner was unfit for services from the inception of his employment some 26 years earlier. There is simply no record evidence, substantial or otherwise, to sustain such a finding. To the contrary, the evidence indicates that petitioner was able to and did perform the services required of his position in a competent and professional manner. While there is evidence of two instances where petitioner exhibited active symptoms of Tourette's syndrome while fighting fires, both doctors explained that stressful situations sometimes cause the onset of involuntary, abnormal body movements, but that those symptoms would disappear after removal of the stressful condition, and the record reflects that is precisely what occurred here. It is clear from the testimony that the incident of January 14, 1989 exacerbated petitioner's Tourette's syndrome, and the law is clear that "[a]n accident which precipitates the development of a latent condition or aggravates a preexisting condition is a cause of disability" (*Matter of Tobin v Steisel*, 64 NY2d 254, 257). Accordingly, the Comptroller's determination must be annulled and this matter remitted to determine whether the January 14, 1989 incident was an accident within the meaning of the statute.

Mikoll, J. P., White, Weiss and Yesawich Jr., JJ., concur. Adjudged that the determination is annulled, with costs, and matter remitted to the Comptroller for further proceedings not inconsistent with this Court's decision.