OPINION OF THE COURT
Cyril K. Bedford, J.
Respondent moves posttrial for an order dismissing the petition for lack of subject matter jurisdiction in that the landlord failed to allege she offered the permanently disabled tenant equivalent accommodations; pursuant to CPLR 4404 (b) setting aside the final judgment and warrant based on evidence of the tenant’s disability and ordering a new trial on the issue of the tenant’s permanent disability; permanently staying the judgment and warrant based on respondent’s permanent disability.
*404 Petitioner opposes the motion and cross-moves for an order directing the respondent to reimburse the petitioner for the reasonable attorney’s fees and/or expenses incurred as a result of the petitioner’s successful prosecution of the proceeding.
This holdover proceeding seeking recovery of the respondent’s rent-stabilized apartment for the petitioner’s own use was tried by this court on November 25, 2002 and November 26, 2002. On November 26, 2002 this court rendered its decision on the record granting a final judgment of possession to petitioner with the warrant of eviction issuing forthwith, but staying execution until April 30, 2003. On December 13, 2002 respondent brought the present motion.
CPLR 4405 provides that a posttrial motion under CPLR 4404 (b) be made within 15 days of the decision. More than 15 days have passed since the decision was rendered, as the decision was rendered on November 26, 2002 and the motion was made on December 13, 2002. However, the 15-day rule is not inviolate. A litigant’s failure to move timely is not fatal if the litigant can establish good cause for the delay. (Pioli v Morgan Guar. Trust Co. of N.Y., 199 AD2d 144 [1993].) In the affidavit in support of the motion respondent alleges, “Prior to hiring my current attorneys on December 13, 2002, I did not understand that the landlord could not obtain my apartment for her personal use unless she offered me equivalent or superior housing accommodation at the same or lower regulated rent in a closely proximate area.” The court notes however that there is no reason given by respondent for the delay in hiring his attorney. The delay in retaining counsel goes beyond and involves more than just the issue of the passage of the 15 days to make a posttrial motion. Respondent is now seeking to raise issues that could and should have been dealt with before or at trial. Having lost at trial, respondent is in effect seeking to get a “second bite of the apple.”
This proceeding was initially adjourned from October 23, 2002 to November 25, 2002 for trial. During this one-month adjournment respondent could have obtained counsel. There is no explanation as to why he did not do so, or how is it that respondent is now able to retain counsel. The delay in retaining counsel appears to be of respondent’s own making, and in truth no good cause has been shown for the motion being made be- . yond the 15 days as respondent could have consulted with an attorney long before December 13, 2002. However as the delay is only a matter of days beyond the 15 days provided in CPLR 4405 and as there exists a strong public policy concerning ten *405 ants not being deprived of benefits under rent stabilization, in the exercise of discretion the court will allow and consider the motion.
In the motion respondent claims to suffer from Tourette’s syndrome and he receives Social Security disability benefits. Respondent claims and it is correct that neither the notice of nonrenewal nor the petition contain an offer of equivalent housing. The court finds that petitioner did not know of respondent’s alleged disability, or have reason to believe that respondent was disabled. Petitioner does not concede that respondent meets the definition of disability as contained in the Rent Stabilization Code (9 NYCRR parts 2520-2531 [RSC]).
RSC § 2524.4 (a) contains the authority for an owner to recover possession of a housing accommodation for his own or his family’s use and occupancy. RSC § 2524.4 (a) (2) provides that the right to recover the premises does not apply “where a tenant or the spouse of a tenant lawfully occupying the housing accommodation is a senior citizen or disabled person, as previously defined herein [RSC § 2520.6 (q)], unless the owner offers * * * and provides an equivalent or superior housing accommodation at the same or lower regulated rent in a closely proximate area.” There is no indication in the statute when the offer is to be made or whether an allegation that it was made must be included in the notice of nonrenewal or the petition. There is a dearth of case law in this area.
The one appellate case in this area is Fidalgo v Schumm (NYLJ, June 12, 1990, at 25, col 1), where the Appellate Term (2d & 11th Jud Dists) reversed the lower court finding that the notice therein was sufficient to meet the requirements of RSC § 2524.2 since it clearly stated that the landlords were seeking possession for their own personal use. The court indicated that as the tenant was a senior citizen, the landlord was required to offer to the tenant an equivalent or superior housing accommodation at the same or lower stabilized rent in a closely proximate area, which offer the landlord would ultimately be required to establish.
In Schreier v Albrecht (126 Misc 2d 336 [Civ Ct 1984]) the court dismissed the petition as it did not allege that the landlord offered to provide the senior citizen tenant an equivalent or superior housing accommodation.
In Lio v Gorbea (NYLJ, Jan. 7, 1998, at 25, col 1 [Civ Ct]), one tenant was a senior citizen and the other tenant petitioner conceded was disabled. Respondents’ motion for summary judgment was granted as the notice of nonrenewal failed to contain *406 an offer of relocation to equivalent or superior housing accommodations at the same or lower regulated rent in a closely proximate area.
In Tsororos v Lauriello (NYLJ, Apr. 8, 1998, at 32, col 5 [Civ Ct]), involving two senior citizen tenants, the court indicated that a petitioner should plead the fact that an offer was made in the petition. The court found petitioner was not entitled to possession of the premises and dismissed the proceeding as the petitioner had failed to meet its burden of proof at trial in establishing that he offered to the respondents a comparable apartment.
In Perlman v Martinez (NYLJ, Jan. 6, 1999, at 27, col 6 [Civ Ct]), the court denied respondent’s motion to dismiss for petitioner’s failure to offer to the respondent an equivalent or superior housing accommodation at the same or lower regulated rent in a closely proximate area. The tenant was a 28-year-old disabled person allegedly diagnosed with dystymia and pervasive developmental disorder. The court cited to Lio indicating in that case the respondent’s obvious advanced age and infirmity made it apparent to the petitioner that he was required to offer a comparable space. The court found in the case before it that petitioner lacked actual knowledge of respondent’s alleged disability. As a result the petitioner could not have been expected to have made the offer in either the notice of nonrenewal or before commencement of the proceeding.
In the absence of appellate authority on point, the court finds as follows:
(1) There is no requirement that the offer of comparable housing be made in the notice of termination;
(2) If petitioner is aware that respondent is disabled or it is apparent that he/she is a senior citizen, it must be shown at trial that the offer of comparable housing was made and the allegation of the offer having been made is to be pleaded in the petition; and
(3) Where petitioner is not aware of the disability, it is not fatal that there was no offer of comparable housing made before commencement of the proceeding.
The court could find no case law indicating how the offer is to be effectuated when the allegation of disability is made during or posttrial. This proceeding contains the additional wrinkle that before even getting to how to effectuate the offer, there must first be a hearing on the alleged disability as petitioner does not concede that respondent’s condition renders *407 him disabled under the definition as contained in RSC § 2520.6 (q).
In his motion and supporting papers, respondent has not shown sufficiently that Tourette’s syndrome has rendered him disabled as contemplated by the RSC. The case cited by respondent, Makowski v New York State & Local Employees’ Retirement Sys. (206 AD2d 657 [1994]), does not stand for the proposition that having Tourette’s syndrome in and of itself renders a person totally disabled. Indeed in that case the plaintiff who suffered Tourette’s syndrome since childhood had worked as a firefighter some 26 years, performing the services required of his position in a competent and professional manner. It was only when he slipped and fell, injuring his back which exacerbated his condition causing him to become grossly symptomatic that he was rendered totally disabled.
Therefore the court grants the respondent’s motion to the extent of setting the matter down for a hearing to determine whether respondent is in fact disabled as contemplated by the definition contained in RSC § 2520.6 (q). Respondent is cautioned that it is his burden to show he is disabled which will require more than a letter from a doctor parroting the definition of disability contained in the RSC. Petitioner’s motion is held in abeyance pending the outcome of the hearing. If at the hearing respondent establishes that he is in fact disabled, the court at that time will determine how the offer is to be accomplished and whether to stay or vacate the judgment and warrant.