■ In the Matter of KEVIN P. FEENEY, Petitioner, v THOMAS P. DiNAPOLI, as New York State Comptroller, et al., Respondents. [890 NYS2d 731]—

Kane, J.

Petitioner began working as a police officer in 1979, continuing with the same employer in different positions until 2005, when he filed for accidental and performance of duty disability retirement benefits. Both applications were denied. Following a hearing, a Hearing Officer upheld the denial, as did respondent Comptroller. Petitioner commenced this proceeding challenging the Comptroller's denial of his applications.

Substantial evidence supports the Comptroller's determination that none of petitioner's work-related injuries was the direct and proximate cause of his permanent disability. Respondents concede that petitioner is permanently disabled from resuming his duties as a police officer. To obtain accidental or performance of duty disability retirement benefits, however, petitioner bore the burden of demonstrating that he was incapacitated from the performance of duty as the natural and proximate result of an accident or disability sustained in service (*see* Retirement and Social Security Law § 363 [a] [1]; § 363-c [b] [1]; *see also Matter of Brennan v New York State & Local Empls. Retirement Sys.*, 50 AD3d 1374, 1375 [2008]). Petitioner presented his own testimony and medical records, none of which proved a causal link between his work-related injuries and his permanent disability. Respondent New York State and Local Employees' Retirement System provided the testimony and report of a board-certified orthopedist who, after examining petitioner and reviewing his medical records, opined that petitioner is permanently disabled due to his back condition, but that his disability is solely attributable to an off-duty injury. This expert also opined that petitioner's knee injuries did not render him permanently disabled. We will not substitute our judgment for that of the Comptroller, as the orthopedist's factually-based opinion constitutes substantial evidence supporting the determination to deny petitioner's applications

because his disability was not proximately caused by injuries suffered while on duty (*see Matter of Amedio v Hevesi*, 45 AD3d 1004, 1006 [2007], *appeal dismissed* 10 NY3d 744 [2008]).

We need not address the timeliness of petitioner's notice to the Comptroller regarding one particular work-related accident, as that accident was determined not to be a proximate cause of petitioner's permanent disability.

Peters, J.P., Spain, Lahtinen and Malone Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.