■ In the Matter of IRIS N. EMERSON, Petitioner, v THOMAS P. DiNAPOLI, as State Comptroller, Respondent. [897 NYS2d 793]—

McCarthy, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's applications for accidental and performance of duty disability retirement benefits.

Petitioner was employed as a police officer. In one particular incident in April 1997, while petitioner was working undercover investigating drug dealers who were also suspected of raping women, she was apparently given a date rape drug, assaulted and almost raped by a target of the investigation. In September 2000, petitioner resigned as part of a plea agreement stemming from her theft of at least one credit card. She then applied for accidental and performance of duty disability retirement benefits. Respondent disapproved both applications. Following a hearing, the Hearing Officer recommended denial of the applications, finding that petitioner was disabled as a result of her

psychiatric condition but that the April 1997 incident was not the proximate cause of her disability. Petitioner commenced this proceeding to challenge respondent's determination, which adopted that recommendation.

We confirm. The New York State and Local Police and Fire Retirement System conceded that the April 1997 incident qualified as an accident and that petitioner was totally disabled from performing her job duties due to her psychiatric condition. The only contested issue was whether petitioner's disability was proximately caused by the April 1997 incident. Petitioner bore the burden of proving proximate cause (see Matter of Feeney v DiNapoli, 68 AD3d 1425, 1426 [2009]). Petitioner's doctors opined that her condition was related to stressors from her job, but none limited the causation to the April 1997 incident. In addition to stressors from 16 years as a police officer, including more than six years in narcotics, petitioner's medical records indicate that she experienced depression and anxiety due to the deaths of close family members, marital discord and a divorce from her second husband, a disappointing custody situation, and the criminal charges that ultimately required her to resign from her job. Respondent accepted the opinion of the Retirement System's expert, who found no causal relationship between the one cited incident and petitioner's disability. Considering the various potential sources of mental distress that confronted petitioner, the generalized opinions of petitioner's doctors, and respondent's authority to resolve conflicts among expert opinions, substantial evidence supports respondent's determination that petitioner failed to meet her burden of proving the causal relationship between her disability and the April 1997 incident (see Matter of Schine v Hevesi, 40 AD3d 1362, 1363-1364 [2007]; Matter of Capparella v McCall, 7 AD3d 875, 876 [2004]).

Mercure, J.P., Lahtinen, Malone Jr. and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.