■ In the Matter of SHAWN A. MURRAY, Petitioner, v THOMAS P. DiNAPOLI, as Comptroller of the State of New York, Respondent. [912 NYS2d 809]—

Kavanagh, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for accidental retirement benefits.

Petitioner, Deputy Chief of the LaGrange Fire Department, was responding to a fire on July 26, 2005, when he was involved in a motor vehicle accident that resulted in injuries to his neck, back, mouth, right shoulder and right knee. Thereafter, petitioner underwent treatment for the pain in his back and filed a claim for accidental disability and performance of duty disability retirement benefits, alleging that he was permanently incapacitated from performing his duties as a firefighter due to the injuries he sustained in the accident. A hearing officer denied his application for accidental disability benefits, finding that, while petitioner was permanently disabled, he had not established that his disability was the result of the injuries he

suffered in the accident.* Respondent upheld the determination, and this CPLR article 78 proceeding ensued.

We confirm. It was petitioner's burden to prove that the accident was the cause of his permanent disability (*see Matter of Emerson v DiNapoli*, 72 AD3d 1321, 1322 [2010]). Respondent's finding that petitioner's permanent disability was not the result of injuries he sustained in the accident was based in large measure on an evaluation performed by a board-certified orthopedic surgeon retained by the New York State and Local Employees' Retirement System to examine petitioner and review his medical records. Specifically, this expert concluded that petitioner had made a full recovery from the injuries he sustained in the accident, and that his disability was due to "multilevel degenerative disc disease and central canal and bilateral neuro foraminal stenosis, as well as [a] history of gout." While petitioner presented medical reports indicating that his permanent disability was the result of a chronic lumbar sprain attributed to the accident, respondent has "the authority to resolve conflicts in the medical evidence and to credit one expert's opinion over that of another" so long as the credited opinion, as it was here, was "rational and fact-based [and] founded upon a physical examination and review of the pertinent medical records" (*Matter of Freund v Hevesi*, 34 AD3d 950, 950 [2006]; *see Matter of Weeks v New York State Comptroller*, 68 AD3d 1427, 1428 [2009]).

Petitioner argues that he was asymptomatic prior to the 2005 accident and that his preexisting condition, as noted by the Retirement System's expert, was aggravated by injuries he sustained in the accident. Where a dormant preexisting condition is aggravated by an accident so that it results in " 'a disability that did not previously exist, the accident is responsible for the ensuing disability' " (*Matter of King v DiNapoli*, 75 AD3d 793, 795-796 [2010], quoting *Matter of Sanchez v New York State & Local Police & Fire Retirement Sys.*, 208 AD2d 1027, 1028 [1994]). Here, the Retirement System's expert concluded that the accident caused only a "temporary exacerbation of [petitioner's] chronic, underlying" condition and did not cause him to become permanently disabled. In that regard, we note that petitioner returned to work the day after the accident and continued serving as Deputy Chief for the entire year after the accident. Since competent medical evidence exists establishing that petitioner's disability was caused by the progression of his degenerative disc disease as well as other physical condi-

---

* Petitioner's application for performance of duty disability retirement benefits was also denied in a different determination.

tions, none of which are related to the accident, we conclude that respondent's determination denying him accidental retirement benefits is supported by substantial evidence and should be confirmed (*see Matter of Emerson v DiNapoli*, 72 AD3d at 1322).

Cardona, P.J., Peters, Spain and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.