■ In the Matter of PAUL C. MICALIZZI, Petitioner, v THOMAS P. DiNAPOLI, as State Comptroller, Respondent. [916 NYS2d 335]—

Mercure, J.P. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's applications for accidental disability and performance of duty disability retirement benefits.

Petitioner began working as a police officer for the Village of Mamaroneck Police Department in 1997. He allegedly faced harassment at work after he publicly supported several fellow officers facing disciplinary action and further accused department officials of misconduct. The harassment continued until petitioner engaged in a verbal and near-physical confrontation with a coworker. Petitioner then took a medical leave of absence from work, eventually resigned, and applied for performance of duty disability and accidental disability retirement benefits, asserting that the 2004 confrontation and related harassment had inflicted disabling psychological and related physical ailments. The applications were disapproved and petitioner requested a hearing and redetermination, following which a Hearing Officer found that, among other things, petitioner's psychological disability was not caused by the harassment and did not permanently incapacitate him from the performance of his duties. Respondent adopted those findings and conclusions and denied petitioner's applications, and this CPLR article 78 proceeding ensued.

We confirm. In order to obtain either accidental or performance of duty disability retirement benefits, "petitioner bore the burden of demonstrating that he was incapacitated from the performance of duty as the natural and proximate result of an accident or disability sustained in service" (*Matter of Feeney v DiNapoli*, 68 AD3d 1425, 1426 [2009]; *see Matter of Emerson v DiNapoli*, 72 AD3d 1321, 1322 [2010]). Here, petitioner's treating psychologist and doctor, as well as an independent psychologist, opined that he suffered from a psychological disability that arose out of the workplace harassment and permanently dis-

abled him from performing the duties of a police officer. Furthermore, Steven Fayer, a psychiatrist who examined petitioner on behalf of the New York State and Local Police and Fire Retirement System, agreed that petitioner suffered from a disability. He opined, however, that the disability would have arisen absent the alleged harassment and that factors outside of petitioner's duties as a police officer exacerbated it, namely disciplinary proceedings resulting from his improper recording of conversations with his coworkers. Fayer also opined that petitioner could potentially resume work as a police officer if properly medicated and that a finding of permanency was not warranted based upon the medical evidence presented. Inasmuch as respondent was free to credit Fayer's rational and fact-based opinion over other evidence in the record, his determination is supported by substantial evidence and we will not disturb it (see Matter of Emerson v DiNapoli, 72 AD3d at 1322; Matter of Mainzer v DiNapoli, 52 AD3d 1167, 1167-1168 [2008]).

Petitioner's further assertion that the 2004 confrontation with his coworker constituted an accident for purposes of his application for accidental disability retirement benefits is rendered academic in light of the foregoing (see Matter of Eddie v DiNapoli, 72 AD3d 1326, 1327 [2010]). His remaining arguments, to the extent they are properly before us, have been examined and found to be without merit.

Spain, Rose, Lahtinen and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.