In the Matter of JAMES FERRIS, Petitioner, v THOMAS P. DiNAPOLI, as State Comptroller, Respondent. [937 NYS2d 757]—

Mercure, A.P.J.

We confirm. The New York State and Local Police and Fire Retirement System concedes that petitioner is permanently in-

capacitated from performing the duties of a firefighter. Nonetheless, he is entitled to accidental or performance of duty disability retirement benefits only upon "demonstrating that he was incapacitated from the performance of duty as the natural and proximate result of an accident or disability sustained in service" (*Matter of Feeney v DiNapoli*, 68 AD3d 1425, 1426 [2009]; *accord Matter of Micalizzi v DiNapoli*, 81 AD3d 1067, 1067 [2011]). To that end, petitioner presented the reports of physician Amy Weiss-Citrome and orthopedic surgeon Douglas Fauser, who both opined that petitioner's incapacity was due to meniscal tearing in the left knee that is causally related to the 2008 incident. Petitioner also presented the report of orthopedic surgeon Paul Carton, who stated that petitioner was incapacitated due to bilateral contusion of the knees related to the 2008 incident. Citrome, Fauser and Carton also found preexisting osteoarthritis.

The Retirement System presented the report and testimony of orthopedic surgeon Jeffrey Dermksian, who examined petitioner and reviewed his medical records on its behalf. Dermksian diagnosed bilateral knee pain due to severe osteoarthritis in petitioner's right knee and moderate to severe osteoarthritis in the left knee. He concluded that this condition was not causally related to petitioner's employment. Rather, he opined that the osteoarthritis was the result of the surgeries performed on petitioner's right knee in 1979, both knees in 2003 and left knee in 2007, noting the findings of preexisting osteoarthritis in 2008, and petitioner's excessive weight. Inasmuch as Dermksian's opinion was rational and fact-based, we conclude that respondent's determination is supported by substantial evidence and we will not disturb it (*see Matter of Micalizzi v DiNapoli*, 81 AD3d at 1068; *Matter of Matthews v DiNapoli*, 58 AD3d 1049, 1050 [2009]). In light of the foregoing, petitioner's remaining contention that the 1988 incident constituted an accident for purposes of his application for accidental disability retirement benefits is rendered academic (*see Matter of Eddie v DiNapoli*, 72 AD3d 1326, 1327 [2010]).

Rose, Spain, Malone Jr. and McCarthy, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.