Lahtinen, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner’s applications for performance of duty and accidental disability retirement benefits.
In 1998, while separated from her position as a police officer, petitioner was involved in á motorcycle accident fracturing her right femur and patella and requiring the insertion of a steel rod in her leg. Petitioner was reinstated to her position as a police officer in 2001 and, in 2005, applied for performance of duty and accidental disability retirement benefits based upon, as is relevant herein, an injury to her right knee sustained in a work-related February 2003 accident. Following two hearings and a recommendation by the second Hearing Officer that petitioner’s applications be granted, respondent Comptroller ultimately denied the applications finding that, although petitioner was permanently incapacitated from the performance of her duties, *1227 she failed to meet her burden of proving that such disability was due to the natural and proximate result of an accident or incident sustained in service. This CPLR article 78 proceeding ensued.
We confirm. The Comptroller relied on the 2008 medical opinion of John Mazella, a board-certified orthopedic surgeon who twice examined petitioner on behalf of respondent New York State and Local Police and Fire Retirement System. In 2006, Mazella found, among other things, that the February 2003 accident was the competent producing cause of petitioner’s present condition, but that petitioner was not permanently disabled. In 2008, Mazella was provided with additional medical documents, including a 2007 MRI of petitioner’s right knee reflecting osteoarthritis and degenerative changes, and reexamined petitioner. As a result, he revised his 2006 opinion and concluded that, while the February 2003 accident resulted in a contusion of the right knee and a temporary aggravation of her preexisting knee condition, the competent producing cause of petitioner’s disabling osteoarthritic condition of the right knee resulted from the 1998 motorcycle accident, with the malrotation of her femur and obesity being significant contributory factors. Mazella’s “rational and fact-based [2008] opinion founded upon a physical examination and review of the pertinent medical records” provides substantial evidence to support the Comptroller’s determination (Matter of Freund v Hevesi, 34 AD3d 950, 950 [2006]; see Matter of Kossifos v DiNapoli, 92 AD3d 1073, 1074 [2012]; Matter of Murray v DiNapoli, 79 AD3d 1412, 1414 [2010]). Petitioner’s remaining contention regarding a concession made by the Retirement System at the first hearing has been reviewed and found to be without merit.
Peters, P.J., Spain, Kavanagh and McCarthy, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.