Spain, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Comptroller which denied petitioner’s applications for performance of duty and accidental disability retirement benefits.
In August 2009, petitioner, a police sergeant, applied for accidental and performance of duty disability retirement benefits, claiming that he is permanently disabled as a result of injuries to his head, neck and right shoulder stemming from two incidents. Specifically, on June 20, 1990, while chasing a suspect, petitioner reportedly tripped over a curb and sustained a laceration to his head, a twisted ankle and pain in his neck and shoulder. Petitioner lost no time from work as a result of this incident. Petitioner also alleged that, on June 5, 2006, while assigned to front desk duty, he sustained injuries to his neck, shoulder and arm when he allegedly tried to catch a falling computer monitor. Following the initial denial of his applications, petitioner requested a hearing and redetermination. Although the New York State and Local Police and Fire Retirement System conceded that petitioner is permanently incapacitated from the performance of his duties, it did not concede causation. The Hearing Officer found, among other things, that petitioner did not establish that he was incapacitated as a result of an accident or a disability sustained in service. The Comptroller adopted the Hearing Officer’s findings and denied the applications, prompting the commencement of this CPLR article 78 proceeding.
We confirm. Petitioner “is entitled to accidental or performance of duty disability retirement benefits only upon demonstrating that he was incapacitated from the performance of duty as the natural and proximate result of an accident or disability *1055 sustained, in service” (Matter of Ferris v DiNapoli, 92 AD3d 1079, 1080 [2012] [internal quotation marks and citation omitted]; see Matter of Cantelmo v New York State Comptroller, 105 AD3d 1306, 1307 [2013]). Here, the Hearing Officer specifically credited the opinion of orthopedic surgeon Jeffrey Meyer that petitioner’s disability was related to a non-work related motor vehicle accident, in which petitioner sustained neck and back injuries that required lumbar surgery and an 11-month recovery period. Inasmuch as there is substantial evidence supporting the Comptroller’s determination, it will not be disturbed despite the presence of other medical evidence in the record that might support a contrary conclusion (see Matter of Ortiz v DiNapoli, 98 AD3d 1224, 1225 [2012]).
Given this conclusion, petitioner’s remaining arguments challenging the Comptroller’s determination that the June 1990 and June 2006 incidents did not constitute accidents have been rendered academic (see Matter of Ferris v DiNapoli, 92 AD3d at 1080).
Peters, EJ., Lahtinen and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.