Matter of Seman v DiNapoli (2018 NY Slip Op 02234)





Matter of Seman v DiNapoli


2018 NY Slip Op 02234


Decided on March 29, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 29, 2018

525521

[*1]In the Matter of MATTHEW SEMAN, Petitioner,
v
THOMAS P. DiNAPOLI, as State Comptroller, Respondent.

Calendar Date: February 14, 2018

Before: Egan Jr., J.P., Clark, Mulvey, Aarons and Rumsey, JJ.


Barlett LLP, White Plains (Michael J. Catallo of counsel), for petitioner.
Eric T. Schneiderman, Attorney General, Albany (William E. Storrs of counsel), for respondent.


Rumsey, J.

MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent denying petitioner's applications for accidental and performance of duty disability retirement benefits.
In 2012, petitioner, a police sergeant, applied for accidental and performance of duty disability retirement benefits, claiming that he is permanently disabled as a result of a staph infection that stemmed from an incident at work. Specifically, petitioner reported that he suffered a burn to his right pinkie finger when he came in contact with the tailpipe of
his police motorcycle. According to the applications, the burn became infected and resulted in a staph infection that manifested itself as a spinal abscess that required spinal surgery. Following the initial denial of the applications, petitioner requested a hearing and redetermination. The Hearing Officer found, among other things, that petitioner had not established that his incapacity was the result of an accident or a disability sustained in service. Respondent adopted the Hearing Officer's findings and denied the applications. This CPLR article 78 proceeding ensued.
We confirm. Initially, the New York State and Local Police and Fire Retirement System does not dispute that petitioner is permanently incapacitated from performing his duties as a police sergeant. Even so, petitioner "is entitled to accidental or performance of duty disability retirement benefits only upon demonstrating that he was incapacitated from the performance of duty as the natural and proximate result of an accident or disability sustained in [*2]service" (Matter of Ferris v DiNapoli, 92 AD3d 1079, 1080 [2012] [internal quotation marks and citation omitted]; see Matter of Micalizzi v DiNapoli, 81 AD3d 1067, 1067 [2011]). Petitioner testified that he suffered the burn to his finger on January 6, 2012. He continued working and, on January 15, 2012, he experienced pain in his back as he got into his police vehicle. The following day he went to the hospital and was diagnosed with a spinal abscess caused by a staph infection. John Robbins, the neurological surgeon who operated on petitioner's spine on January 24, 2012, opined that the spinal abscess was caused by an infection to the burn on petitioner's finger. According to Robbins, petitioner was more susceptible to an infection spreading in his body because he was taking the drug Enbrel for arthritis, and that the abscess could have formed within the nine days between the burn and the diagnosis of the condition.
In contrast, David Berman, a physician specializing in infectious diseases who examined petitioner and reviewed his medical records on behalf of the Retirement System, opined that the burn was not the cause of the spinal abscess. Berman based his opinion on the lack of evidence of a secondary infection at the site of the burn and that such an extensive infection of the spine could not have formed in the nine days between the burn and the diagnosis of the spinal abscess. Rather, Berman opined that it would have taken several weeks for the abscess to form on petitioner's spine. Although Berman could not state what caused the staph infection, he noted that the bacteria could have entered petitioner's body through any microscopic crack in the skin and that petitioner was more susceptible to infection due to his Enbrel usage and the fact that he was diabetic. Inasmuch as Berman presented a rational and fact-based medical opinion, respondent's determination is supported by substantial evidence and it will not be disturbed, despite the presence of other medical evidence that supports a contrary conclusion (see Matter of Volpe v Murray, 112 AD3d 1054, 1055 [2013]; Matter of Ferris v DiNapoli, 92 AD3d at 1080). In light of the foregoing, petitioner's remaining contention, that the incident on January 6, 2012 constituted an accident within the meaning of the Retirement and Social Security Law, is academic (see Matter of Volpe v Murray, 112 AD3d at 1055).
Egan Jr., J.P., Clark, Mulvey and Aarons, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.