Matter of Iovino v DiNapoli (2018 NY Slip Op 04814)





Matter of Iovino v DiNapoli


2018 NY Slip Op 04814


Decided on June 28, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 28, 2018

525857

[*1]In the Matter of SCOTT F. IOVINO, Petitioner,
v
THOMAS P. DiNAPOLI, as State Comptroller, Respondent.

Calendar Date: May 1, 2018

Before: Garry, P.J., McCarthy, Devine, Aarons and Pritzker, JJ.


Bartlett LLP, White Plains (Jason D. Lewis of counsel), for petitioner.
Barbara D. Underwood, Attorney General, Albany (William E. Storrs of counsel), for respondent.


Devine, J.

MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent denying petitioner's applications for accidental and performance of duty disability retirement benefits.
Petitioner, a police officer, applied for accidental and performance of duty disability retirement benefits claiming that a 2010 work-related injury and ensuing 2012 surgery caused him to be permanently incapacitated from his employment. Petitioner's applications were initially denied. Following an administrative hearing, the Hearing Officer upheld the denials and found that, although petitioner was permanently incapacitated, the incident did not constitute an accident within the meaning of the Retirement and Social Security Law and that neither the incident nor related surgery caused petitioner's disability. Respondent adopted the Hearing Officer's findings and conclusions. Petitioner thereafter commenced this CPLR article 78 proceeding.
We confirm. With regard to accidental disability retirement benefits, "[p]etitioner bears the burden of demonstrating that his disability arose out of an accident as defined by the Retirement and Social Security Law, and respondent's determination in that regard will be upheld if supported by substantial evidence" (Matter of Mitchell v DiNapoli, 154 AD3d 1029, 1030 [*2][2017] [internal quotation marks and citations omitted]; see Matter of Bodenmiller v DiNapoli, 157 AD3d 1120, 1121 [2018]). To qualify as an accident, the underlying incident "must be a sudden, fortuitous, out of the ordinary and unexpected event that does not result from an activity undertaken in the performance of regular or routine employment duties" (Matter of Mitchell v DiNapoli, 154 AD3d at 1030 [internal quotation marks and citations omitted]). "[A]n injury which occurs without an unexpected event as the result of activity undertaken in the performance of ordinary employment duties, considered in view of the particular employment in question, is not an accidental injury" (Matter of Martins v DiNapoli, 156 AD3d 1031, 1031 [2017]; see Matter of Kelly v DiNapoli, 30 NY3d 674, 681-682 [2018]).
Here, petitioner responded to a call and sustained an injury to his fingers while assisting the medical examiner in carrying a large, deceased male to a transport vehicle. Petitioner acknowledged that this work was within the scope of his job duties, regardless of the heft of the body to be carried. Consequently, substantial evidence supports respondent's determination that the incident did not constitute an accident entitling petitioner to receive accidental disability retirement benefits (see Matter of Kelly DiNapoli, 30 NY3d at 684-685; Matter of Somuk v DiNapoli, 145 AD3d 1339, 1340-1341 [2016]; Matter of Esposito v Regan, 162 AD2d 870, 871 [1990]).
Turning to petitioner's application for performance of duty disability retirement benefits, there is no dispute that he is permanently incapacitated from the performance of his duties. As a result, "the issue before us distills to whether petitioner met his burden of demonstrating that his disability was caused by his workplace injuries" (Matter of Andrus v DiNapoli, 114 AD3d 1078, 1079 [2014]; see Matter of Volpe v Murray, 112 AD3d 1054, 1055 [2013]). Where, as here, there is conflicting medical evidence, respondent "is authorized to resolve the conflicts and to credit one expert's opinion over that of another so long as the credited expert articulates a rational and fact-based opinion founded upon a physical examination and review of the pertinent medical records" (Matter of Pufahl v Murray, 111 AD3d 1050, 1051 [2013] [internal quotation marks and citations omitted]).
Respondent credited the testimony and report of Neal Hochwald, an orthopedic surgeon with a subspecialty in hand surgery, who examined petitioner and reviewed his medical records to conclude that, while petitioner had a disabling problem with his left hand and fingers, that problem was unconnected to the 2010 injury or 2012 surgery. Hochwald instead opined that petitioner's preexisting psoriasis led to psoriatic flexor tenosynovitis associated with psoriatic arthritis. Petitioner's later diagnosis of reflex sympathetic dystrophy (hereinafter RSD) was also, according to Hochwald, unconnected to the injury or surgery. Hochwald noted in particular that RSD would develop no more than a few months after any causative trauma but that, in this case, petitioner returned to work after the injury and surgery and was not diagnosed with RSD until 17 months after the surgery. Hochwald's rational and fact-based opinion provides substantial evidence to support respondent's determination and, therefore, it will not be disturbed, despite the presence of proof in the record that could support a contrary conclusion (see Matter of Ortiz v DiNapoli, 98 AD3d 1224, 1225 [2012]). We have reviewed petitioner's remaining contentions, including his challenge to the medical evidence reviewed by Hochwald, and find them to be without merit.
McCarthy, Aarons and Pritzker, JJ., concur.




Garry, P.J. (concurring in part and dissenting in part).


I concur in that part of the majority's decision finding that petitioner was not entitled to accidental disability retirement benefits. I respectfully dissent as to the denial of petitioner's application for performance of duty disability retirement benefits, as I find that determination to lack a sound and substantial basis in the record.
In denying petitioner performance of duty disability retirement benefits, respondent relied solely upon the testimony and report of Neal Hochwald, a nontreating orthopedic surgeon and hand specialist, who opined, following an examination, that petitioner's disability was not caused by his work-related injuries. Petitioner's two board-certified treating specialists each clearly rejected the opinion of this expert, and articulated specific reasons for doing so, based upon stated medical findings. Respondent may choose to credit one expert's opinion over that of another, and is fully empowered to resolve conflicting medical testimony. However, this withstands judicial review only where "the credited expert articulates a rational and fact-based opinion founded upon a physical examination and review of the pertinent medical records" (Matter of Marello v DiNapoli, 111 AD3d 1052, 1053 [2013]; see Matter of Cepeda v New York State Comptroller, 115 AD3d 1146, 1146 [2014], lv denied 23 NY3d 906 [2014]).
Here, Hochwald opined that petitioner suffered from psoriatic arthritis and that this condition, rather than his work-related injury, was the cause of his reflex sympathetic dystrophy (hereinafter RSD). This analysis was deeply flawed, as Hochwald's own report did not diagnosis petitioner with psoriatic arthritis, and nothing in the testimony of petitioner and his treating physicians either supported such a conclusion or even indicated that petitioner had ever been diagnosed with this condition. Further, Hochwald seemingly contradicted his opinion by his testimony that it is "unusual" to develop RSD as a result of psoriatic arthritis. Similarly, in contrast to his initial opinion that too much time had passed — roughly 17 months — between petitioner's RSD diagnosis and his surgery for his work-related injury to establish a causal link, Hochwald later acknowledged that RSD symptom progression, which aids in diagnosis, "can vary from weeks to months to all the way up to years." Most significantly, when asked to opine with "a reasonable degree of medical certainty" as to the cause of petitioner's disability, Hochwald testified that petitioner's underlying condition was "likely from his underlying inflammatory condition or psoriasis," and "why he developed [RSD] after that, who knows" (emphases added).
For these reasons, Hochwald's testimony was speculative and inconclusive as to a causal link between petitioner's RSD and any possible, but wholly undiagnosed, psoriatic arthritis. It does not constitute a rational and fact-based opinion (see Matter of King v DiNapoli, 75 AD3d 793, 794-795 [2010]; Matter of Principe v McCall, 255 AD2d 853, 856 [1998]; Matter of Skae v Regan, 208 AD2d 1028, 1029-1030 [1994]; compare Matter of Ferris v DiNapoli, 92 AD3d 1079, 1080 [2012]). Accordingly, I would annul respondent's determination denying petitioner's application for performance of duty disability retirement benefits on the ground that it was not supported by substantial evidence.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.