OPINION OF THE COURT
Meyer, J.
An accident which precipitates the development of a latent condition or aggravates a preexisting condition is a cause of disability within the meaning of Administrative Code of the City of New York § B3-40.0. Because in denying petitioner an accident disability pension the Board of Trustees appears to have applied an incorrect standard of causation, the matter must be sent back to it for reconsideration in accordance with this opinion.
Petitioner was employed as a “stationary fireman” with the New York City Department of Sanitation and tended an incinerator unit in which garbage was burned. On March 16, 1981, while petitioner was working between two incinerators, there was an explosion in one, the concussion from which caused him to strike the right side of his head against a wall. He was treated at a hospital that day for headache, dizziness and ringing in his ears and remained on sick leave thereafter.
Between March 24 and June 30, 1981, petitioner was examined by eight separate doctors, including neurologists and otolaryngologists, some of whom saw him on more than one occasion. All of these doctors found that petitioner had hearing loss, tinnitus, dizziness and headaches that were related to acoustic trauma and postconcussion syndrome resulting from his accident. Petitioner had no history of these problems prior to the incinerator explosion. In his application for accident disability retirement dated June 19, 1981, petitioner described the result of his accident as “concussion, loss of hearing, dizziness.”
*258 Prior to consideration of petitioner’s application by the Medical Board, one of the doctors he had seen referred him to a psychiatrist, Dr. Remo Cerulli, who examined petitioner in October and continued treatment thereafter. Dr. Cerulli’s opinion was that petitioner was suffering from mental illness, described as “traumatic neurosis with depression”, which was “causally related to the accident”, and that petitioner was “totally and permanently disabled on psychiatric cause.” Thereafter, petitioner was examined by two members of the Medical Board, who recognized that petitioner was physically and ps)rchologically well until the accident, but could find no objective evidence that petitioner’s symptoms were the product of physical injury. In light of Dr. Cerulli’s diagnosis, however, the Board members decided to refer petitioner to their psychiatric consultant, Dr. Walter Flegenheimer.
Dr. Flegenheimer reported to the Board that while it was difficult to make a definitive diagnosis, petitioner was not consciously malingering and was “obviously disabled.” Regarding the cause of the disability, Dr. Flegenheimer stated that, “While the symptoms are temporally related to the accident, the accident itself was not sufficient to explain the origins of the symptoms, i.e., in my opinion, the accident was at most a precipitating event, not a causal one.”
Based on Dr. Flegenheimer’s report, the Medical Board concluded that petitioner was not entitled to accident disability benefits, but indicated that an application for ordinary disability retirement should be approved with a diagnosis of “chronic anxiety neurosis.” After the Board of Trustees of the Retirement System approved the Medical Board’s determination, petitioner was given an ordinary disability retirement. He then commenced this proceeding to challenge the denial of his application for accident disability benefits, arguing that he was both physically and psychologically disabled as a result of the incinerator explosion. Petitioner’s claim was rejected both by Special Term and the majority of the Appellate Division. The appeal is before us as of right (CPLR 5601 [a]), the dissent at the Appellate Division having rejected Dr. Flegenheimer’s precipitating-causal distinction as “an exercise in semantics” (98 AD2d, at p 674) and an improper test of causal relationship.
Petitioner’s contention that in considering his accident disability retirement claim the Medical Board gave insufficient consideration to physicians’ reports indicating that his physical, symptoms were caused by the incinerator explosion cannot be sustained. The record indicates that the Board examined all of *259 those reports but chose to rely on the examination conducted by two of its own members, who concluded that there was no objective evidence of a causal relationship between the explosion and those symptoms. The Board of Trustees was entitled to rely on the Medical Board’s opinion. Its decision to reject petitioner’s claim, insofar as it involved a purely physical disability, was, therefore, neither arbitrary nor unsupported by substantial evidence (Matter of Christian v New York City Employees’ Retirement System, 56 NY2d 841; Matter of Scotto v Board of Trustees, 76 AD2d 774, affd 54 NY2d 918).
As to petitioner’s claim of psychological disability resulting from the accident, however, the situation is different. Although agreeing that petitioner is psychologically disabled, the Medical Board concluded that he was not entitled to accident disability retirement because the disability was not caused by the accident. That conclusion was based on the somewhat confusing report of its psychiatric consultant, which, as above noted, stated that “[w]hile the symptoms are temporally related to the accident * * * in my opinion, the accident was at most a precipitating event, not a causal one.” Inasmuch as it is well-established law that an accident which precipitates an injury may be a proximate cause of that injury, and the governing statute requires only that petitioner’s disability be “a natural and proximate result of an accidental injury” (Administrative Code § B3-40.0), the aforementioned report seems contradictory in law.
The causation rule both in tort law and under the workers’ compensation statute is that an accident which produces injury by precipitating the development of a latent condition or by aggravating a preexisting condition is a cause of that injury (Matter of Benware v Benware Creamery, 16 NY2d 966; McCahill v New York Transp. Co., 201 NY 221; Bartolone v Jeckovich, 103 AD2d 632; Matter of Nizich v Robert F. Barreca, Inc., 86 AD2d 917; Matter of Lopez v Hercules Corrugated Box Corp., 50 AD2d 1048; Steinhauser v Hertz Corp., 421 F2d 1169; see, Matter of Wolfe v Sibley, Lindsay & Curr Co., 36 NY2d 505; Fuller v Preis, 35 NY2d 425; Prosser, Torts § 43, p 250 [4th ed]; 1B Larson, Workmen’s Compensation Law §§ 42.22, 42.23[c], pp 7-612 — 7-614, and n 75, 7-640 — 7-642). Moreover, although there is no accident disability retirement case squarely applying that rule, it has been assumed in a number of disability cases that evidence establishing that an accident exacerbated an underlying condition, thereby rendering the employee disabled, would be sufficient, if accepted (Matter of Christian v New York *260 City Employees’ Retirement System, 83 AD2d 507, affd 56 NY2d 841, supra; Matter of Nicotera v Regan, 78 AD2d 932; Matter of Goddeau v Levitt, 56 AD2d 681; Matter of Kelly v Board of Trustees, 47 AD2d 892).
It appears, therefore, that an incorrect standard of causation was used by the Board of Trustees in denying petitioner’s application for accident disability retirement on the basis of his psychological condition. Accordingly, the order of the Appellate Division should be reversed, with costs, and the matter remitted to Special Term with directions to vacate the determination that petitioner is not entitled to accident disability retirement and remand the matter to respondent Board of Trustees for reconsideration in accordance with this opinion.
Chief Judge Wachtler and Judges Jasen, Simons, Kaye and Alexander concur.
Order reversed, with costs, and matter remitted to Supreme Court, New York County, for further proceedings in accordance with the opinion herein.