In the Matter of ROGER THOMAS, Petitioner, v EDWARD V. REGAN, as State Comptroller, Respondent.

Third Department, March 5, 1987

APPEARANCES OF COUNSEL

*Hoffman, Silverberg & Wachtell (Anthony M. Cerreto* and *Lee A. Hoffman, Jr.,* of counsel), for petitioner.

*Robert Abrams, Attorney-General (Frank K. Walsh* and *William J. Kogan* of counsel), for respondent.

## OPINION OF THE COURT

MAHONEY, P. J.

Petitioner was employed as a water and sewer maintenance repairman by the Village of North Tarrytown in Westchester County when, on December 4, 1981, he was involved in an accident. Petitioner was working at a workbench in a garage when a truck being driven by a fellow worker lurched forward instead of backing out and struck him in the right thigh and pinned him against the workbench. Petitioner was treated for a bad bruise to the thigh, but was subsequently referred for treatment for injury to his back. Diagnostic tests revealed nerve and disk damage to petitioner's back. Thereafter, petitioner underwent surgery for removal of a herniated disk. After the surgery, petitioner's condition did not fully improve, and respondent found, as urged by petitioner, that he has "a disability of the spine that does not allow for performance of the heavy labor required of his position". Respondent further found, however, that petitioner's disability is not the natural and proximate result of the accident. Petitioner commenced this proceeding challenging such decision, and the proceeding has been transferred to this court for disposition.

In order to be entitled to accidental disability retirement benefits, petitioner was required to prove that his physical incapacity was the natural and proximate result of the accident *(see,* Retirement and Social Security Law § 63 [a] [2]). Respondent is vested with exclusive authority to determine applications for retirement benefits and his evaluation of conflicting medical testimony must be accepted if there is substantial evidence in the record to support such determination *(see, Matter of Leo v Regan,* 115 AD2d 104, 105). The burden was on petitioner to establish that his disability was causally related to the accident *(see, Matter of Sheehan v Regan,* 84 AD2d 604, 605). Here, two physicians were called by

petitioner as witnesses and testified on the issue of causation.* The surgeon who operated on petitioner testified that the ruptured disk was caused by twisting that resulted from the accident. The doctor further testified that petitioner's continuing back pain was caused by a limp which was, in turn, caused by a calcified hematoma in his right thigh which resulted from the accident. Another orthopedic surgeon who had examined petitioner testified that the accident was the immediate cause of petitioner's disability. However, the doctor also testified that petitioner had a degenerative condition in his back which could have been caused by the strenuous nature of his job or an automobile accident which had occurred in 1969. Respondent found that petitioner's condition was not the natural or proximate result of the accident. In so finding, respondent chose to believe that there may have been other causes which contributed to petitioner's back condition.

In a recent case, the Court of Appeals held that, for purposes of accidental disability retirement under the New York City Administrative Code, "[a]n accident which precipitates the development of a latent condition or aggravates a preexisting condition is a cause of disability" (Matter of Tobin v Steisel, 64 NY2d 254, 257). We see no reason not to apply the same analysis to accidental disability retirement benefits under the Retirement and Social Security Law. Thus, it is not necessary to distinguish between a precipitating event and a causal one. Certainly one could envision a situation where an accident was independent of a preexisting condition such that the ensuing disability was not caused by the accident. If evidence was presented on this point, respondent would be free to accept it and find no causation. That is not the case here. Both doctors who testified opined that the accident caused petitioner's disability. In fact, the doctor whose testimony was credited by respondent testified on direct examination: "I believe that incident [the December 1981 accident] was the immediate cause of his subsequent disability, but I also believe that there was sufficient residual injury in his back, of what the cause is I am not sure, but probably due to heavy work and possibly other incidents of injury before December, 1981, which contributed to the degenerative changes that I found." On cross-examination the doctor testified: "I don't think that the present condition is the result of that one

---

* Respondent also called a physician as a witness, but he did not testify regarding this issue.

single injury, except insofar as it caused a disk to rupture, which, unfortunately, set in a train of events, which included the need for surgery, and forced inaction, which in itself tended to weaken the lower back."

Thus, respondent was presented with expert medical testimony that the accident directly caused petitioner's disability (by causing the calcified hematoma) as well as expert medical evidence that petitioner had a degenerative, preexisting condition which was aggravated by the accident and resulted in his disability. If respondent believed the former testimony, there was direct causation. If respondent believed the latter testimony, there is causation under the analysis set forth by the Court of Appeals in *Matter of Tobin v Steisel (supra)*. There was no evidence that petitioner's disability was unrelated to the accident. In fact, the evidence indicates that petitioner did not have back problems and was fully able to perform his job duties prior to the accident.

Since respondent's decision was not supported by substantial evidence, we must annul the determination that petitioner is not entitled to accidental disability retirement benefits and remit the matter to respondent for calculation of those benefits.

MAIN, MIKOLL, LEVINE and HARVEY, JJ., concur.

Determination annulled, with costs, petition granted and matter remitted to respondent for further proceedings not inconsistent herewith.