■ In the Matter of JOHN D. WYGAND, Petitioner, v EDWARD V. REGAN, as State Comptroller, Respondent.—Mikoll, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for accidental disability retirement benefits.

The issue in the instant proceeding is whether substantial evidence supports respondent's finding that petitioner, though concededly totally disabled, is not entitled to an accidental disability stemming from an accident occurring on December 9, 1963. The underlying facts are quite straightforward. Petitioner, a police officer, was directing traffic at a school crossing area when he was struck by a truck. He remained on sick leave for 11 months, until October 1964, when he opted to work contrary to medical advice. Since his accident, he has been in pain and under constant medical treatment. He was hospitalized in 1974 for a back problem and has been unable to work on an average of 50 to 75 days a year. Petitioner wears a back brace and has an awkward gait. Due to his physical impairments, he has been on restricted work assignment for 20 years.

In April 1965, petitioner filed an initial application for accidental disability retirement benefits. The application was ultimately disapproved based on the finding that petitioner was not then physically and mentally disabled. Petitioner filed another application for accidental disability retirement benefits in October 1982. The application was disapproved in July

1984 on the ground that petitioner's disability was not the natural and proximate result of the 1963 accident. Petitioner appealed this determination and a hearing was held to determine whether the accident was the proximate cause of petitioner's disability.

An orthopedic surgeon, Dr. Jorge Cerruti, testifying on petitioner's behalf, found that the cause of petitioner's present disability was the December 9, 1963 accident. This diagnosis was based on absence of symptomology before that date, X-ray findings, petitioner's continuous treatment over the years and a consistent increase in pain and discomfort. Dr. William Victor, the Police Surgeon of the Nassau County Police Department, also testified on petitioner's behalf. Victor has examined petitioner regularly for many years. Previously, petitioner was regularly examined by Victor's predecessor in office, in conformity with departmental rules which require a 30- to 60-day recheck of all injured police officers. After reviewing petitioner's medical file and based on his own examinations, Victor opined that from 1963 to the present, petitioner's history regarding his back was consistent and that, in his opinion, petitioner's disability was attributable to the accident of December 9, 1963. On the other hand, Dr. Carl Weiss, testifying for the State Policemen's and Firemen's Retirement System (hereinafter the System), stated that petitioner's disability was attributable to his arthritic impairment and not to the accident of December 9, 1963. It is not contested, however, that petitioner's condition cannot be remedied through surgery. It is also conceded that petitioner has, for all the 20 years since the accident, worked on restricted duty.

It is rudimentary law that respondent is vested with exclusive authority to determine applications for retirement benefits (Matter of Leo v Regan, 115 AD2d 104). This includes the evaluation of medical testimony. Though we are confronted here with a clash of medical opinion, a resolution of this case does not lend itself under the rubric of difference in medical opinion. The proper exercise of respondent's discretion in choosing between conflicting medical testimony presupposes the existence of legally sufficient conflicting evidence.

An examination of Weiss' testimony and the reports submitted by him belies the validity of his final diagnosis. The record discloses that Weiss first examined petitioner on February 3, 1983. The examination included a physical exam, a review of petitioner's history, X rays taken by Weiss and a review of petitioner's other medical and System reports dating to 1968.

Weiss stated significantly in this 1983 report that "[t]he occurrence of many years ago represents an aggravation of an underlying degenerative condition which has progressed over the years". The degenerative condition was identified as "Marie-Strumpell ankylosing spondylitis" or "bamboo spine".

On February 22, 1984 the System requested Weiss to reexamine petitioner. Petitioner's file was returned to Weiss and it was specifically indicated to him by the System that the purpose of the reexamination was to determine if the accident of December 9, 1963 was the "competent producing cause of his permanent disability". On March 13, 1984, Weiss, after conducting the reexamination, sent a report to the System concluding that the patient has a systemic arthritic disorder. It was indicated by Weiss that petitioner's prognosis was poor and clearly chronic, and it was not likely to improve and may well deteriorate.

Since Weiss' report failed to answer the inquiry posed as to causation, the System once again asked Weiss to assess whether petitioner is disabled due to the accident of December 9, 1963 or due to Marie-Strumpell ankylosing spondylitis. For the third time, copies of petitioner's records were sent to Weiss, including the 1984 series of correspondence between him and the System. Clarification was requested as to whether petitioner was permanently disabled from performing his duties as a result of the accident of December 9, 1963. To this persistent inquiry, Weiss answered on May 10, 1984 that petitioner "may be deemed permanently disabled and unable to perform all the duties of a police officer". Weiss continued, "The information I have received permits me to further state that disability arises from the accident sustained on 12/9/63." Once again, by letter dated June 21, 1984, the System raised the question of causation with Weiss. On June 29, 1984, Weiss for the first time stated that petitioner's marked partial disability is due to Marie-Strumpell ankylosing spondylitis and that there is no accidental disability from the incident of December 9, 1963.

At the hearing, Weiss repudiated his May 10, 1984 diagnosis as a typographical error. We note in passing that at least three words would have had to have been misunderstood by whomever typed the letter to turn the positive statement on causation into a negative. Weiss indicated that he had no independent recollection of petitioner's examination or of the medical records he perused vis-à-vis an evaluation of his condition. He relied totally on his letters of communication with the System for his testimonial diagnosis.

Taking his explanation of his May 10, 1984 letter at face value, there still remains in the record Weiss' initial report, dated February 3, 1983, which indicates that the December 9, 1963 accident represents aggravation of an underlying degenerative condition. This early opinion, never repudiated by Weiss, puts this case within the constraints of *Matter of Tobin v Steisel* (64 NY2d 254) where the court said: "The causation rule both in tort law and under the workers' compensation statute is that an accident which produces injury by precipitating the development of a latent condition or by aggravating a preexisting condition is a cause of that injury" *(supra,* at 259). Moreover, it is significant to note that when asked if petitioner had ever recovered from the December 9, 1963 accident, Weiss stated that he did not know. In view of Weiss' inability to state whether the effects of the accident, well documented in the record, had subsided, we conclude that he could not offer an opinion on the effect the accident had on his underlying spinal condition. Weiss' testimony is inconsistent at its worst and, at best, equivocal. Based on his uncertainty, we find respondent's crediting of his opinion not to be based on substantial evidence.

Determination annulled, with costs, petition granted and matter remitted to respondent for further proceedings not inconsistent with this court's decision. Main, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.