■ In the Matter of ROBERTO SANCHEZ, Petitioner, v NEW YORK STATE AND LOCAL POLICE AND FIRE RETIREMENT SYSTEM, Respondent. [617 NYS2d 238] —Mercure, J. P. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Comptroller which denied petitioner's application for accidental disability retirement benefits.

The sole issue for our determination is whether the testimony of Mary Godesky, an orthopedist testifying on respondent's behalf, provided substantial evidence to support the Comptroller's finding that, although petitioner is incapacitated from the performance of his duties as a correction sergeant, the disability is not the natural and proximate result of an accident sustained in service (see, Retirement and Social Security Law § 63 [a] [2]). More particularly, the question is whether there is record support for Godesky's opinion that any disability suffered as a result of petitioner's April 1989 accident was temporary in nature and had abated by the time of her September 1990 physical examination of petitioner, and that any continuing disability was the result of a degenerative condition unrelated to petitioner's employment. We answer the question in the negative and accordingly grant the petition.

It is uncontroverted that on April 21, 1989 petitioner slipped on a wet surface at work and fell "flat on [his] back". Except for three hours worked the following day, petitioner did not return to work thereafter. Petitioner's medical expert, Bernard Greenhouse, a board-certified anesthesiologist and director of the Pain Management Center at Albany Medical College, testified on petitioner's behalf. Based upon the results of a CT scan and myelogram and physical examinations performed on petitioner, which showed marked limitation of motion in petitioner's back, Greenhouse opined that petitioner suffered from mechanical instability and radiculopathy as the result of degenerative disc disease at the right L4-L5 and L5-

S1 interspaces. In view of the absence of symptoms prior to petitioner's accident and his continuous disability thereafter, it was Greenhouse's further opinion that the fall sustained by petitioner in April 1989 was the cause of his current back complaints.

In contrast, implying that petitioner was simulating his symptoms at the time of her examination, Godesky was unwilling to acknowledge that he suffered from any disability. Nonetheless, giving deference to the findings of petitioner's treating neurosurgeon, Gabriel Aguilar, she was also unwilling to state that petitioner was not disabled. Instead, she adopted the view that petitioner may have been temporarily disabled as the result of his accident and may now be disabled as the result of the degenerative disc disease found by petitioner's physicians but, based upon the equivocal symptoms presented at the time of her physical examination, there was no causal relationship between the accident and petitioner's current condition. We agree with petitioner that the record is devoid of evidence to support this peculiar position, which may well have been the result of Godesky's misunderstanding of the legal significance of an aggravation of a preexisting condition. Notably, when asked what led her to believe that petitioner's work injury resulted in a mere temporary aggravation, Godesky responded that, in the absence of the degenerative condition, the work-related injuries would have resolved completely. However, it is settled law that when a preexisting dormant disease is aggravated by an accident, thereby causing a disability that did not previously exist, the accident is responsible for the ensuing disability (see, Matter of Tobin v Steisel, 64 NY2d 254; Matter of Thomas v Regan, 125 AD2d 125).

Crew III, White, Casey and Peters, JJ., concur. Adjudged that the determination is annulled, with costs, petition granted and matter remitted to respondent for further proceedings not inconsistent with this Court's decision.