■ In the Matter of PETER J. OCCHIPINTI, Petitioner, v H. CARL McCALL, as State Comptroller, Respondent. [760 NYS2d 255] —Kane, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for accidental disability retirement benefits.

In August 1999, petitioner, a police officer with the Westchester County Department of Public Safety, experienced se-

vere low back pain as he bent to perform back strengthening exercises while on vacation in Florida. Upon his return to New York, petitioner was diagnosed with and underwent surgery to repair a herniated disc, after which he was unable to return to work. In January 2000, petitioner applied for accidental disability retirement benefits, claiming that he was permanently disabled due to work-related low back injuries that occurred on March 14, 1986, December 17, 1986, March 27, 1987, October 23, 1990 and February 8, 1994. After this application was denied, petitioner requested a hearing and redetermination. At the conclusion of the hearing, the Hearing Officer found that petitioner's permanent disability was not the natural and proximate result of these prior incidents and denied the application. Respondent upheld the Hearing Officer's determination, and this CPLR article 78 proceeding ensued.

Respondent is vested with "exclusive authority" to determine applications for accidental disability retirement benefits (Retirement and Social Security Law § 374 [b]; *see Matter of Roach v McCall*, 284 AD2d 746 [2001]), and such determinations will be upheld if supported by substantial evidence, even if there is evidence in the record to support a contrary result (*see Matter of Russo v McCall*, 293 AD2d 912 [2002]; *Matter of Harper v McCall*, 277 AD2d 589, 590 [2000]). While respondent is empowered to resolve conflicts in the medical testimony (*see Matter of Kesick v New York State & Local Employees' Retirement Sys.*, 257 AD2d 831 [1999]), "the proper exercise of that discretionary authority 'presupposes the existence of legally sufficient conflicting evidence'" (*Matter of Burnham v McCall*, 265 AD2d 763, 764 [1999], quoting *Matter of Wygand v Regan*, 135 AD2d 1060, 1061 [1987]). In this case, however, both medical experts agreed that petitioner's present disability was causally related to his prior injuries, with petitioner's expert attributing the disability entirely to the February 1994 work-related injury and the expert for the State and Local Retirement System testifying that petitioner's five prior work-related back injuries were 50% of the cause of his present back injury.* Inasmuch as "an accident which produces injury by precipitating the development of a latent condition or by aggravating a preexisting condition is a cause of that injury" (*Matter of Tobin v Steisel*, 64 NY2d 254, 259 [1985]; *see Matter*

---

* The State and Local Retirement System expert opined in his report and on direct that the five 1986 through 1994 work-related incidents were not the cause of petitioner's 1999 disability, but when cross-examined regarding whether the 1994 incident was a "competent-producing cause" of petitioner's disability, the expert apportioned the disability 50% to the 1999 incident and 50% to the prior five incidents.

*of Wygand v Regan, supra* at 1063), we find insufficient evidence in this record to support respondent's determination that petitioner's permanent disability was not the natural and proximate result of his prior work-related injuries.

Mercure, J.P., Spain, Carpinello and Rose, JJ., concur. Adjudged that the determination is annulled, without costs, petition granted, and matter remitted to respondent for further proceedings not inconsistent with this Court's decision.