■ In the Matter of MICHAEL ACKALITIS, Appellant, v JOHN MURPHY et al., Respondents. [771 NYS2d 900]—

In a proceeding pursuant to CPLR article 78 to review a de-

termination of the Board of Trustees of the New York City Employees' Retirement System, dated May 30, 2002, which denied the petitioner's application for ordinary disability retirement benefits, the petitioner appeals from a judgment of the Supreme Court, Richmond County (Lebowitz, J.), dated December 19, 2002, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The issue of whether a member is disabled is determined by the Medical Board of the New York City Employees' Retirement System (hereinafter the Medical Board) (*see* Administrative Code of City of NY § 13-167 [b]). The Board of Trustees of the New York City Employees' Retirement System is bound by a Medical Board finding that an applicant is not disabled for duty (*see Matter of Borenstein v New York City Employees' Retirement Sys.*, 88 NY2d 756, 760 [1996]). The Medical Board's determination is conclusive if it is supported by some credible evidence and is not arbitrary or capricious (*see Matter of Meyer v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund*, 90 NY2d 139, 147 [1997]; *Matter of Borenstein v New York City Employees' Retirement Sys., supra* at 761; *Matter of Barnett v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund*, 264 AD2d 840 [1999]).

Here, the Medical Board performed its own physical examination of the petitioner, and concluded that he was not disabled. Although the medical conclusions of the petitioner's treating physicians differed from those of the Medical Board, the resolution of such conflicts is within the sole province of the Medical Board (*see Matter of Borenstein v New York City Employees' Retirement Sys., supra*; *Matter of Tobin v Steisel*, 64 NY2d 254, 258-259 [1985]; *Matter of Barnett v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund, supra* at 841; *Matter of Santoro v Board of Trustees of N.Y. City Fire Dept. Art. 1-B Pension Fund*, 217 AD2d 660 [1995]). Based upon the credible evidence before the Medical Board, its determination was neither irrational nor arbitrary or capricious (*see Matter of Borenstein v New York City Employees' Retirement Sys., supra* at 760; *Matter of Barnett v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund, supra*).

The petitioner's remaining contentions are without merit. Ritter, J.P., Santucci, Adams and Crane, JJ., concur.