McCarthy, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied an application for performance of duty disability retirement benefits.
In September 2007, Lois Covelli (hereinafter decedent), a former correction officer with the Westchester County Department of Corrections, filed an application for performance of duty disability retirement benefits, claiming that she was permanently disabled as a result of a low back injury sustained in a work-related incident in December 1992. Decedent’s application was denied on the basis that her disability was not the natural and proximate result of an injury sustained in service. Following a hearing, the Hearing Officer denied decedent’s application on the same basis. Respondent thereafter upheld the Hearing Offi *1003 cer’s determination and this CPLR article 78 proceeding ensued.*
Authority to determine applications for disability retirement benefits rests with respondent, and we will uphold the determination so long as it is supported by substantial evidence, even if there is evidence in the record to support a contrary conclusion (see Matter of Steinberg v DiNapoli, 93 AD3d 1068, 1069 [2012]; Matter of Occhipinti v McCall, 305 AD2d 924, 925 [2003]). In this case, the parties agree that decedent was permanently incapacitated from performing her job duties, leaving only the issue of whether decedent met her burden of establishing that her disability was caused by her workplace injury (see Matter of Feeney v DiNapoli, 68 AD3d 1425, 1426 [2009]). Decedent’s unrefuted testimony established that she had no symptoms prior to the 1992 injury and this injury was significant, causing her to be out of work for 41 days at that time and having to seek medical treatment on a continuing basis thereafter. Decedent presented reports of her treating physicians concluding that her disability was caused by the 1992 work-related incident. The report of the expert for the New York State and Local Employees’ Retirement System, which was accepted by respondent, concluded that decedent’s disability was the result of a degenerative condition, which was only temporarily exacerbated by the 1992 incident. However, pursuant to established legal principles, “when a preexisting dormant disease is aggravated by an accident, thereby causing a disability that did not previously exist, the accident is responsible for the ensuing disability” (Matter of Britt v DiNapoli, 91 AD3d 1102, 1103 [2012] [internal quotation marks and citation omitted]; see Matter of Tobin v Steisel, 64 NY2d 254, 259 [1985]). Accordingly, we find that respondent’s determination that decedent’s disability was not the natural and proximate result of her 1992 work-related incident is not supported by substantial evidence (see Matter of Britt v DiNapoli, 91 AD3d at 1103-1104; Matter of Occhipinti v McCall, 305 AD2d at 925-926; compare Matter of Ashley v DiNapoli, 97 AD3d 1057, 1059-1060 [2012]; Matter of Murray v DiNapoli, 79 AD3d 1412, 1413 [2010]).
Mercure, J.E, Spain and Garry, JJ., concur. Adjudged that the determination is annulled, without costs, petition granted, and matter remitted to respondent for further proceedings not inconsistent with this Court’s decision.

 Decedent subsequently died of unrelated causes and her husband was substituted as petitioner.