■ In the Matter of ERNEST ANDRUS, Petitioner, v THOMAS P. DiNAPOLI, as State Comptroller, Respondent. [981 NYS2d 461]—

Stein, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for performance of duty disability retirement benefits.

In July 2009, petitioner, a correction officer, was involved in a work-related incident while helping a fellow correction officer subdue an unruly inmate, and he allegedly sustained injuries to his neck, shoulder and lower back. Petitioner sought medical treatment and did not return to work. He ultimately applied for, among other things, performance of duty disability retirement benefits. Petitioner's application was subsequently denied on the basis that his conceded permanent incapacity was not the natural and proximate result of an injury sustained in service. Following his timely redetermination request, a hearing ensued and the Hearing Officer ultimately found, as relevant here, that petitioner did not meet his burden of proving that his disability was the natural and proximate result of the work-related incident. Respondent adopted that determination, with supple-

mental conclusions of law, and denied the application for performance of duty disability retirement benefits, prompting the commencement of this CPLR article 78 proceeding.

We annul. Inasmuch as the parties agree that petitioner is permanently disabled from performing his duties, the issue before us distills to whether petitioner met his burden of demonstrating that his disability was caused by his workplace injuries (*see Matter of Calhoun v New York State & Local Employees' Retirement Sys.*, 112 AD3d 1172, 1173 [2013]; *Matter of Covelli v DiNapoli*, 104 AD3d 1002, 1003 [2013]). In this regard, the record is replete with medical reports from various physicians who examined petitioner and reached differing conclusions as to the cause of his disability. The authority to resolve such conflicting medical opinions and to determine applications for retirement benefits rests with respondent and we will uphold the determination as long as it is supported by substantial evidence (*see Matter of Chichester v DiNapoli*, 108 AD3d 924, 925 [2013]; *Matter of Covelli v DiNapoli*, 104 AD3d at 1003; *Matter of Ashley v DiNapoli*, 97 AD3d 1057, 1059 [2012]). Here, however, we conclude that the evidence on which respondent relied did not meet that standard.

Petitioner's unrefuted testimony establishes that his back was asymptomatic prior to the 2009 injury,[1] that he sought treatment the day following the incident and that he never returned to work thereafter. Petitioner presented reports of his treating physicians, who consistently opined that his disability was caused by the 2009 incident and that his preexisting degenerative disk disease became symptomatic as a result of the injury suffered therein. On the other hand, the report of the expert for the New York State and Local Employees' Retirement System—which respondent accepted—concluded that petitioner's disability was the result of an underlying cervical spinal condition and that the 2009 incident "just aggravated some degeneration leading to symptoms." He specifically opined that the symptoms resulting from the injury were not the basis of his disability.

It is axiomatic, however, that " 'when a preexisting dormant disease is aggravated by an accident, thereby causing a disability that did not previously exist, the accident is responsible for the ensuing disability' " (*Matter of Covelli v DiNapoli*, 104 AD3d at 1003, quoting *Matter of Britt v DiNapoli*, 91 AD3d 1102, 1103 [2012]; *accord Matter of Tobin v Steisel*, 64 NY2d 254, 259 [1985]; *Matter of Sanchez v New York State & Local Police &*

---

**1.** Although petitioner denied having prior back problems, he did testify that, years before the incident, he treated with a chiropractor for soreness of his neck and shoulder muscles.

*Fire Retirement Sys.*, 208 AD2d 1027, 1028 [1994]). Here, the Retirement System's own expert asserted that petitioner's back condition "was present prior to the date of injury, but was not symptomatic and now that it is . . . [the back condition] is such that he is at significant risk for injury that could be permanent to the spinal cord." Because it is undisputed that petitioner's back condition became symptomatic when it was aggravated by the 2009 incident[2] and that he was performing his employment responsibilities without limitation prior to that time, we find that respondent's determination that petitioner's disability was not the natural and proximate result of his 2009 work-related injury is not supported by substantial evidence (*see Matter of Covelli v DiNapoli*, 104 AD3d at 1003; *Matter of Britt v DiNapoli*, 91 AD3d at 1103-1104; *Matter of Sanchez*, 208 AD2d at 1028; *compare Matter of Ashley v DiNapoli*, 97 AD3d at 1059).

Peters, P.J., McCarthy and Garry, JJ., concur. Adjudged that the determination is annulled, without costs, petition granted, and matter remitted to respondent for further proceedings not inconsistent with this Court's decision.

(February 27, 2014)

 2. Notably, there is no medical proof in the record to support a conclusion that petitioner's previous sore neck and shoulder muscles stemmed from this underlying back condition. In fact, one of the reports of the Retirement System's expert noted that petitioner's back condition—cervical spinal stenosis—"is a narrowing of the canal in and of itself [and] is not associated with symptoms."