Clark, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner’s applications for performance of duty and accidental disability retirement benefits.
Petitioner, a lieutenant with the Port Authority of New York and New Jersey, applied for performance of duty and accidental disability retirement benefits in 2009. Petitioner asserted that he was permanently incapacitated due to injuries to his back and right shoulder sustained during a February 2009 accident. A hearing ensued, at the conclusion of which the Hearing Officer recommended that petitioner’s applications be denied on the ground that petitioner did not prove that his conceded disability resulted from the 2009 accident. With supplemental conclusions of fact that, among other things, the 2009 incident was an accident within the meaning of the Retirement and Social Security Law, respondent Comptroller denied the applications, prompting this CPLR article 78 proceeding.
We annul. Given respondents’ concessions, the sole issue is whether petitioner met his burden of establishing that his disability was caused by his workplace injury. Petitioner and his treating neurosurgeon testified that, other than some atrophy in his left leg and lower left extremity pain, petitioner had recovered after having surgery to stabilize his fractured spine following a 1996 skydiving accident and three shoulder surgeries in 2004 through 2007. It is undisputed that he returned to full duty after these surgeries, including during the terrorist attacks of September 11, 2001 until the February 2009 accident when he fell down the stairs at a bus terminal and landed on a concrete walkway. After that accident, petitioner had a torn rotator cuff in his right shoulder and pain in his right low back and right hip, which progressed to the point that he lost the ability to walk, and he never returned to work. His neurologist concluded that petitioner had progressive narrowing of the spinal canal and, due to the February 2009 accident, disc herniation that was causing nerve root compression. In contrast, the *1049 orthopedic surgeon who examined petitioner on behalf of respondent New York State and Local Employees’ Retirement System concluded that the disc herniation and shoulder injury were degenerative in nature and caused by the early injuries and surgeries, rather than the February 2009 accident, which had caused only a temporary exacerbation of petitioner’s underlying arthritic condition.
This Court has repeatedly held that “ ‘when a preexisting dormant disease is aggravated by an accident, thereby causing a disability that did not previously exist, the accident is responsible for the ensuing disability’ ” (Matter of Britt v DiNapoli, 91 AD3d 1102, 1103 [2012], quoting Matter of Sanchez v New York State & Local Police & Fire Retirement Sys., 208 AD2d 1027, 1028 [1994]; accord Matter of Andrus v DiNapoli, 114 AD3d 1078, 1079 [2014]; Matter of Covelli v DiNapoli, 104 AD3d 1002, 1003 [2013]; see Matter of Tobin v Steisel, 64 NY2d 254, 259 [1985]). Here, although the Retirement System’s expert speculated that petitioner may have had some low level symptoms that he had learned to manage, there is no dispute that petitioner was not incapacitated prior to the February 2009 incident. The expert characterized the exacerbation of petitioner’s underlying conditions after that point as temporary, but could not explain why petitioner’s conceded disability had not resolved as of the date of the hearing, 3V2 years after the accident. Under these circumstances, the Comptroller’s determination is not supported by substantial evidence and must be annulled (see Matter of Andrus v DiNapoli, 114 AD3d at 1079-1080; Matter of Covelli v DiNapoli, 104 AD3d at 1003; Matter of Britt v DiNapoli, 91 AD3d at 1103-1104; cf. Matter of Calhoun v New York State & Local Employees’ Retirement Sys., 112 AD3d 1172, 1174 [2013]; Matter of Ashley v DiNapoli, 97 AD3d 1057, 1059-1060 [2012]; Matter of Hilson v Hevesi, 16 AD3d 895, 896 [2005]).
Lahtinen, J.R, Stein, Egan Jr. and Devine, JJ., concur.
Adjudged that the determination is annulled, without costs, petition granted, and matter remitted to respondent Comptroller for further proceedings not inconsistent with this Court’s decision.