■ In the Matter of Daniel R. Portmore, Petitioner, v New York State Comptroller et al., Respondents. [60 NYS3d 513]—

Rose, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller denying petitioner's application for accidental disability retirement benefits.

Petitioner, a police officer, applied for accidental disability

retirement benefits in 2012, alleging that he was permanently incapacitated from the performance of his job duties as the result of injuries suffered in three work-related incidents. Specifically, petitioner alleged that he injured his left ankle in May 2007 when his motorcycle tipped over, injured his right knee in February 2008 when he fell down some stairs at work and injured his left knee in March 2010 when he slipped on mud while getting into his patrol car. The application was initially denied on the ground that, although petitioner was found to be permanently incapacitated, the disability was not the result of an accident within the meaning of the Retirement and Social Security Law. Petitioner requested a hearing and redetermination. At the hearing, respondent New York State and Local Police and Fire Retirement System conceded that petitioner was permanently incapacitated and that the February 2008 incident was an accident within the meaning of the Retirement and Social Security Law. Following the hearing, the Hearing Officer determined that the 2007 and 2010 incidents did not constitute accidents and that petitioner had not demonstrated that he was permanently disabled as a result of the February 2008 accident. Respondent Comptroller upheld the determination, and this CPLR article 78 proceeding ensued.*

"Petitioner bears the burden of demonstrating that his disability arose out of an accident as defined by the Retirement and Social Security Law, and [the Comptroller's] determination in that regard will be upheld if supported by substantial evidence" (*Matter of Rolon v DiNapoli*, 67 AD3d 1298, 1299 [2009] [citation omitted]; *accord Matter of Garbowski v Nitido*, 139 AD3d 1302, 1303 [2016]). Notably, "when a preexisting dormant disease is aggravated by an accident, thereby causing a disability that did not previously exist, the accident is responsible for the ensuing disability" (*Matter of Sanchez v New York State & Local Police & Fire Retirement Sys.*, 208 AD2d 1027, 1028 [1994]; *accord Matter of Scannella v New York State Comptroller*, 119 AD3d 1048, 1049 [2014]; *Matter of Britt v DiNapoli*, 91 AD3d 1102, 1103 [2012]).

Petitioner presented the medical opinion of Salvatore Corso, his treating orthopedic surgeon. Corso testified that the 2008 fall down the stairs resulted in a torn meniscus in petitioner's right knee. Although Corso surgically repaired the meniscus,

---

* As petitioner did not address in his brief the Comptroller's finding that the 2010 incident was not an accident within the meaning of the Retirement and Social Security Law, any arguments concerning this issue are deemed abandoned (*see Matter of Kempkes v DiNapoli*, 81 AD3d 1071, 1071 n [2011]).

he also found "significant degenerative arthritis" in the right knee that would require periodic injections. According to Corso, petitioner's fall exacerbated petitioner's preexisting arthritic condition in the knee. Corso concluded that petitioner would eventually require a total right knee replacement and that he was permanently disabled as a result of the 2008 fall.

Jeffrey Meyer, an orthopedic surgeon, examined petitioner and reviewed his medical records in 2013 on behalf of the Retirement System. In his written report, Meyer found petitioner to be permanently disabled as the result of the 2007, 2008 and 2010 incidents. Meyer was subsequently asked to give an opinion solely as to whether the injury to the right knee that resulted from the 2008 accident was permanently disabling and he concluded, in a supplemental report, that it was not. At the hearing, Meyer testified that, although in his opinion petitioner was permanently disabled and would eventually need a knee replacement, the disability was the result of the degenerative arthritic condition of both of petitioner's knees, as well as bilateral hip degeneration. When asked, however, whether the injury in 2008 resulted in a progression of the preexisting arthritis, he testified that "beyond a shadow of a doubt I can't answer that." In light of Meyer's equivocal testimony as to whether the 2008 accident exacerbated the preexisting degenerative condition, his opinion lacks probative force and the Comptroller's determination finding that petitioner had not met his burden of proving that the 2008 accident resulted in a permanent disability is therefore not supported by substantial evidence and must be annulled (see *Matter of Scannella v New York State Comptroller*, 119 AD3d at 1049; *Matter of Britt v DiNapoli*, 91 AD3d at 1104; *Matter of King v DiNapoli*, 75 AD3d 793, 795 [2010]; cf. *Matter of Ashley v DiNapoli*, 97 AD3d 1057, 1059-1060 [2012]; *Matter of Hilson v Hevesi*, 16 AD3d 895, 896 [2005]). In light of the foregoing, petitioner's remaining contentions need not be addressed.

Peters, P.J., Mulvey, Aarons and Pritzker, JJ., concur. Adjudged that the determination is annulled, without costs, and matter remitted to respondent Comptroller for further proceedings not inconsistent with this Court's decision.