Matter of Studdert v New York State Comptroller (2018 NY Slip Op 05399)





Matter of Studdert v New York State Comptroller


2018 NY Slip Op 05399


Decided on July 19, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 19, 2018


[*1]In the Matter of MICHAEL G. STUDDERT, Petitioner, 
v
NEW YORK STATE COMPTROLLER et al., Respondents.

Calendar Date: May 31, 2018

Before: Garry, P.J., Egan Jr., Mulvey, Aarons and Rumsey, JJ.


Fusco, Brandenstein & Rada, PC, Woodbury (John Hewson of counsel), for petitioner.
Barbara D. Underwood, Attorney General, Albany (William E. Storrs of counsel), for respondents.



MEMORANDUM AND JUDGMENT
Mulvey, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller denying petitioner's application for accidental disability retirement benefits.
Petitioner, a police inspector with the Nassau County Police Department, sustained certain work-related injuries in February 2011 when the unmarked police vehicle that he was operating was rear-ended by another motorist. Upon the advice of the police surgeon, petitioner sought medical treatment and was evaluated by David Weissberg — an orthopedic surgeon — approximately one month later, at which time Weissberg diagnosed petitioner as suffering from a cervical strain. Although petitioner's work activities were intermittently curtailed, he testified that he remained on full-duty status for approximately five or six months after the accident; following a worsening of his symptoms, petitioner was placed on restricted duty in February 2012 — purportedly due to his inability to carry a weapon.
In March 2013, petitioner's employer filed an application for accidental disability retirement benefits upon petitioner's behalf [FN1]. Respondent New York State and Local Police and Fire Retirement System denied petitioner's application upon the ground that he was "not physically or mentally incapacitated from the performance of duty as the natural and proximate result of an accident sustained in . . . service." Following a hearing and redetermination, the Hearing Officer upheld the denial, finding that petitioner failed to establish that his disabling condition — while indeed permanent — was the result of an injury sustained during the February [*2]2011 accident [FN2]. Respondent Comptroller adopted the Hearing Officer's findings and recommendations, prompting petitioner to commence this proceeding pursuant to CPLR article 78 to challenge the Comptroller's determination.
We confirm. Given the Retirement System's concessions and the Hearing Officer's subsequent finding of permanency (later adopted by the Comptroller), the sole issue remaining for our consideration is causation. In this regard, petitioner bore "the burden of proving causation" (Matter of Cardno v New York State & Local Retirement Sys., 105 AD3d 1173, 1174 [2013] [internal quotation marks and citation omitted], lv denied 22 NY3d 851 [2013]), i.e., that his "incapacitation [was] the natural and proximate result of an accident sustained while in service" (Matter of Dellaripa v DiNapoli, 150 AD3d 1603, 1604 [2017] [internal quotation marks and citations omitted]; see Matter of Somuk v DiNapoli, 145 AD3d 1339, 1341 [2016]; Matter of Ripp v New York State & Local Police & Fire Retirement Sys., 136 AD3d 1143, 1143-1144 [2016]). While it is true, as petitioner posits, that "when a preexisting dormant disease is aggravated by an accident, thereby causing a disability that did not previously exist, the accident is responsible for the ensuing disability" (Matter of Portmore v New York State Comptroller, 152 AD3d 945, 946 [2017] [internal quotation marks and citation omitted]; accord Matter of Scannella v New York State Comptroller, 119 AD3d 1048, 1049 [2014]), it is equally true that "[t]he Comptroller has the exclusive authority to resolve conflicting medical evidence and to credit one expert's opinion over another" (Matter of Dee v DiNapoli, 154 AD3d 1042, 1044 [2014] [internal quotation marks and citations omitted]; see Matter of Donley v DiNapoli, 153 AD3d 1104, 1105 [2017]).
Weissberg opined that petitioner's cervical strain was causally-related to the February 2011 accident — a conclusion reached based upon the fact that petitioner had been asymptomatic before the accident, that he developed progressively worsening pain and diminished range of motion following the accident and that he had sustained "a whiplash type of injury." Although Weissberg acknowledged that petitioner had preexisting "cervical degeneration," i.e., degenerative disc disease, Weissberg relied upon petitioner's representation that he had been asymptomatic prior to the accident — leading Weissberg to conclude that "it was only after the accident that [petitioner's disc] degeneration combined with his herniated dis[cs] caused him to become symptomatic." Weissberg's opinion in this regard was unaffected by the fact that petitioner did not develop radicular symptoms until nearly one year after the accident, as the presentation of such symptoms — according to Weissberg — does not follow a particular pattern.
John Killian, the orthopedic surgeon who evaluated petitioner on behalf of the Retirement System, expressed a contrary view — namely, that petitioner suffered from "cervical impairment due to degenerative disc disease." Such impairment, according to Killian, was not the result of trauma sustained during the February 2011 accident but, rather, was attributable to the aging process. Killian further opined that petitioner's degenerative disc disease was the cause of his radiculopathy and that there was a "significant likelihood" that petitioner's noted disc herniations predated the underlying accident. As support for this opinion, Killian cited postaccident X rays evidencing petitioner's degenerative disc disease, which would have taken "a number of months . . ., if not a number of years" to develop, as well as the fact that petitioner did not experience pain at the time of the accident, that there was no mention of radiating pain at the time of Weissberg's initial evaluation and that petitioner's radicular symptoms did not develop until nearly one year later. Although Killian acknowledged that trauma (such as from an automobile accident) could aggravate a preexisting dormant condition and cause it to become symptomatic, he nonetheless testified — for the reasons previously set forth — that the February 2011 accident did not cause petitioner's previously existing degenerative disc disease to become [*3]symptomatic, nor did such accident cause petitioner's radiculopathy, which was his "main disabling condition."
Contrary to petitioner's assertion, Killian's opinion, which was based upon his examination of petitioner and a review of the pertinent medical records, "provided a rational, fact-based opinion" upon which the Comptroller was free to rely (Matter of Pennachio v DiNapoli, 95 AD3d 1557, 1558 [2012]; see Matter of Space v DiNapoli, 96 AD3d 1226, 1227 [2012]) — notwithstanding other medical evidence in the record that could support a contrary conclusion. Accordingly, we find that the Comptroller's determination is supported by substantial evidence (see Matter of Dee v DiNapoli, 154 AD3d at 1044; Matter of O'Connor v DiNapoli, 89 AD3d 1367, 1368 [2011]; Matter of Iacobellis v New York State & Local Retirement Sys., 79 AD3d 1571, 1572 [2010], lv denied 17 NY3d 703 [2011]; compare Matter of Portmore v New York State Comptroller, 152 AD3d at 947; Matter of Scannella v New York State Comptroller, 119 AD3d at 1049; Matter of Andrus v DiNapoli, 114 AD3d 1078, 1079-1080 [2014]; Matter of Covelli v DiNapoli, 104 AD3d 1002, 1003 [2013]; Matter of Britt v DiNapoli, 91 AD3d 1102, 1103-1104 [2012]). Petitioner's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Garry, P.J., Egan Jr., Aarons and Rumsey, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.



Footnotes

Footnote 1: Although petitioner subsequently filed his own application as well, the ensuing hearing (and the instant proceeding) pertain only to the application filed by petitioner's employer.

Footnote 2: At the hearing, the Retirement System acknowledged that petitioner was disabled but contested the issues of permanency and causation. In its post-hearing brief, the Retirement System further conceded that the February 2011 incident constituted an accident.