Matter of Caminero v Metropolitan Transp. Auth. (2019 NY Slip Op 00392)





Matter of Caminero v Metropolitan Transp. Auth.


2019 NY Slip Op 00392


Decided on January 22, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 22, 2019

Sweeny, J.P., Richter, Tom, Kern, Singh, JJ.


8169 153740/17

[*1]In re Marisol Caminero, Petitioner-Appellant,
v
Metropolitan Transportation Authority, Respondent-Respondent.


Wolin & Wolin, Jericho (Alan E. Wolin of counsel), for appellant.
Bee Ready Fishbein Hatter & Donovan, LLP, Mineola (Andrew K. Preston of counsel), for respondent.



Judgment, Supreme Court, New York County (Erika M. Edwards, J.), entered on or about September 12, 2017, denying the petition to annul respondent's determination, dated January 30, 2017, which denied petitioner's application for accidental disability retirement, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
The petition was properly denied because the determination was not arbitrary and capricious, in violation of lawful procedure, or affected by error of law (see CPLR 7803[3]-[4]; Matter of Canfora v Board of Trustees of Police Pension Fund of Police Dept. of City of N.Y., Art. II, 60 NY2d 347, 351 [1983]; see also Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 230-231 [1974]).
Petitioner claims that her disabling lower-back condition was caused by two on-the-job accidents: a September 15, 2000 incident in which a battery charger fell from a locker and struck her, and a January 12, 2002 incident in which the golf cart she was driving malfunctioned. However, it is undisputed that petitioner had a preexisting lower back injury and that she had degenerative disc disease by late September 2000 - within weeks after the 2000 incident and well before the 2002 incident.
To the extent the 2000 or 2002 incidents aggravated petitioner's preexisting condition, they may still have proximately caused her current disability (see Matter of Tobin v Steisel, 64 NY2d 254, 259 [1985]; Matter of King v DiNapoli, 75 AD3d 793, 795 [3d Dept 2010]; Matter of Sanchez v New York State & Local Police & Fire Retirement Sys., 208 AD2d 1027, 1028 [3d Dept 1994]). However, respondent could reasonably have concluded, based on the evidence in the record, that neither incident did so (see Matter of Stewart v New York State & Local Employees' Retirement Sys., 27 AD3d 975, 976 [3d Dept 2006], lv denied 7 NY3d 718 [2006]).
Contemporaneous records indicate that the 2000 incident did not result in an injury to petitioner's back, but to her head. Although petitioner began to experience back pain shortly thereafter, she attributed that pain to wearing a heavy equipment belt at work.
As to the 2002 incident, there is nothing to corroborate petitioner's account of a golf cart malfunction. Although the cart was sent for inspection, the results of that inspection are not in the record, despite respondent's repeated requests.
The recitations in subsequent medical evaluations that petitioner's condition resulted from the 2002 incident are of little probative value, as they merely reiterate petitioner's own account to the doctors.
In view of the foregoing, we need not reach the issue of whether the petition should be dismissed on the basis that petitioner failed to join a necessary party.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 22, 2019
CLERK