Matter of Petras-Ross v DiNapoli (2019 NY Slip Op 00939)





Matter of Petras-Ross v DiNapoli


2019 NY Slip Op 00939


Decided on February 7, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 7, 2019

526781

[*1]In the Matter of EUGENIA PETRAS-ROSS, Petitioner,
v
THOMAS P. DiNAPOLI, as State Comptroller, et al., Respondents.

Calendar Date: January 14, 2019

Before: Garry, P.J., Egan Jr., Lynch, Clark and Pritzker, JJ.


Pasternack Tilker Ziegler Walsh Stanton & Romano LLP, Albany (Jordan A. Ziegler of counsel), for petitioner.
Letitia James, Attorney General, Albany (William E. Storrs of counsel), for respondents.



MEMORANDUM AND JUDGMENT
Lynch, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller denying petitioner's application for disability retirement benefits.
Petitioner worked as a school crossing guard for the Suffolk County Police Department. At the end of her shift on November 12, 2010, she was assisting a child cross the street when she was struck by a passing vehicle and was knocked to the ground. She got up, continued to escort the child and reported the incident to her supervisor. The next day, she felt pain in various parts of her body, including her left hip and back where she had been struck, as well as her right ankle that had buckled beneath her. Two days later, she saw a physician for an orthopedic consultation. She obtained medical treatment and underwent physical therapy thereafter, eventually returning to full-time work on April 10, 2011. However, she continued to experience pain while performing her duties and stopped working completely in September 2012. She filed an application for disability retirement benefits under Retirement and Social Security Law article 15 claiming that she was permanently incapacitated due to back injuries that she sustained in the November 12, 2010 accident. Respondent New York State and Local Retirement System denied her application on the ground that her disability was not the natural and proximate result of the subject accident. A Hearing Officer denied her application on the same ground following a hearing. Respondent Comptroller later adopted the Hearing Officer's decision, and this CPLR article 78 proceeding ensued.
Initially, inasmuch as the parties concede that petitioner is permanently incapacitated from performing her duties, the only issue to be resolved is whether she met her burden of [*2]demonstrating that her back injuries were causally related to the November 12, 2010 accident (see Matter of Andrus v DiNapoli, 114 AD3d 1078, 1079 [2014]; Matter of Covelli v DiNapoli, 104 AD3d 1002, 1003 [2013]). Notably, the medical experts who examined petitioner all agreed that she suffers from degenerative disc disease of the lumbar spine, including spinal stenosis and disc displacement. These experts, however, provided conflicting medical opinions as to the cause of petitioner's disabling back condition. Although the Comptroller retains the authority to resolve conflicting medical opinions and to credit the opinion of one expert over another (see Matter of Dee v DiNapoli, 154 AD3d 1042, 1044 [2017]; Matter of Andrus v DiNapoli, 114 AD3d at 1079), the credited expert must articulate a "rational and fact-based opinion founded upon a physical examination and review of the pertinent medical records" (Matter of Iovino v DiNapoli, 162 AD3d 1447, 1448 [2018] [internal quotation marks and citation omitted]; see Matter of White v DiNapoli, 153 AD3d 1080, 1082 [2017]).
The record reveals that, although petitioner primarily complained of her right ankle injury when she saw orthopedic specialist Salvatore Inserra in November 2010 just after the accident, she advised him of her back problems in March and April 2011 during her continuing treatment, which he diagnosed as degenerative joint disease of the lumbar spine that had been exacerbated by the incident in question [FN1]. In June 2012, petitioner sought treatment from orthopedic specialist Sushil Basra specifically for her back and hip injuries. He conducted various diagnostic tests, implemented pain management techniques, administered steroid injections and was still treating petitioner as of the date of the March 2016 hearing. Based upon the history related to him by petitioner, petitioner's complaints and the results of the diagnostic tests, Basra opined that petitioner's disabling back condition was caused by the November 12, 2010 accident. Significantly, he indicated that, even if petitioner was undergoing natural degenerative changes to her lumbar spine due to her age, she was asymptomatic prior to the accident and the accident exacerbated her underlying condition, thereby rendering her disabled. His opinion was shared by petitioner's treating physician, as well as another pain management physician who also treated petitioner for her back.
However, a contrary opinion was given by John Killian, the orthopedist who conducted an independent medical examination of petitioner on behalf of the Retirement System, which was relied upon by the Comptroller in denying petitioner's application. Killian opined that petitioner's disabling back condition was not caused by the November 12, 2010 accident, but was attributable to the deterioration of her lumbar spine due to aging. In support of his opinion, Killian cited the fact that petitioner did not fall after being struck by the vehicle and did not immediately experience back pain, factors indicating that she did not experience trauma during the accident. He also noted that she returned to work six months after the accident and did not experience symptoms indicative of a back injury until the summer of 2012.
The factual grounds for Killian's opinion, however, are not substantiated by the record. The Hearing Officer specifically found that the vehicle struck petitioner "on her left side knocking her to the ground," as is documented in the police report, her disability retirement application and certain medical records, and, consequently, she sustained trauma to her back. Contrary to Killian's characterization, petitioner testified that she felt pain in her back the day after the accident, and the medical records reveal that she verbalized her complaints of back pain to Inserra in March and April 2011. Moreover, although Killian correctly observed that petitioner returned to work in April 2011, he disregarded the fact that she stopped working completely in September 2012 because she continued to experience significant pain in various parts of her body, including her back. Likewise, Killian overlooked the fact that petitioner was asymptomatic, and she testified that she did not seek medical treatment for conditions related to [*3]her back prior to the November 12, 2010 accident [FN2]. In view of the foregoing, we find that Killian did not provide a rational, fact-based opinion supporting the denial of petitioner's application (see e.g. Matter of Rawson v DiNapoli, 150 AD3d 1606, 1607 [2017]; Matter of Danieu v DiNapoli, 77 AD3d 1152, 1154 [2010]). Insofar as the medical evidence suggests that petitioner suffered from an underlying degenerative back condition that was asymptomatic, we note that "when a preexisting dormant disease is aggravated by an accident, thereby causing a disability that did not previously exist, the accident is responsible for the ensuing disability" (Matter of Andrus v DiNapoli, 114 AD3d at 1079 [internal quotation marks and citations omitted]; see Matter of Scannella v New York State Comptroller, 119 AD3d 1048, 1049 [2014]; Matter of Covelli v DiNapoli, 104 AD3d at 1003; Matter of Britt v DiNapoli, 91 AD3d 1102, 1103 [2012]). Therefore, we conclude that the Comptroller's determination is not supported by substantial evidence and must be annulled.
Garry, P.J., Egan Jr., Clark and Pritzker, JJ., concur.
ADJUDGED that the determination is annulled, without costs, petition granted, and matter remitted to respondent Comptroller for further proceedings not inconsistent with this Court's decision.



Footnotes

Footnote 1: Notably, Enrico Mango, another orthopedic specialist who treated petitioner for her right ankle and left hip injuries, noted that an April 2011 MRI of her bilateral hips revealed lumbosacral spine spondylosis.

Footnote 2: Inserra's medical notes reveal that petitioner disclosed that she experienced lower back symptoms prior to the November 10, 2012 accident, but do not indicate that she sought medical treatment.